**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKOLAJ BOJDOL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE, <br><br> Defendants. | Case No. 1:24-cv-07032-JGK |
| TAYLOR ANDERSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE, <br> Defendants. | Case No. 1:24-cv-08356-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH COSTRO'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................... 1

II.    FACTUAL BACKGROUND ...................................................................................... 2

III.    PROCEDURAL BACKGROUND ............................................................................. 3

IV.    ARGUMENT ................................................................................................................ 3

    A.    The Related Actions Should Be Consolidated ........................................................ 3

    B.    Costro Should Be Appointed Lead Plaintiff .......................................................... 4

        1.    Costro Filed a Timely Motion .................................................................... 5

        2.    Costro Has the Largest Financial Interest ................................................... 5

        3.    Costro Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................... 6

            a)    Costro's Claims Are Typical ........................................................... 7

            b)    Costro Is an Adequate Representative ............................................. 7

    C.    The Court Should Approve Lead Plaintiff's Choice of Counsel ............................ 8

V.    CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

CASES

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 6, 7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ...................................................................................... 6, 8

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................... 6

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ...................................................................................... 3

*Kuriakose v. Federal Home Loan Mortg. Co.*,
2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .............................................................. 7

*Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) ................................................................................. 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................................... 5, 6

STATUTES

15 U.S.C. § 78u-4 ............................................................................................................ 1

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................... 1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ............................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................... 1, 8

RULES

Fed. R. Civ. P. ........................................................................................................ *passim*

Fed. R. Civ. P. 42(a) .......................................................................................... 3, 4

Joseph Costro ("Costro") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Costro as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Costro's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired New Fortress Energy Inc. ("New Fortress" or the "Company") securities between December 12, 2022 and August 8, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

Costro believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Costro satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Costro respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Costro's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

New Fortress is an American liquefied natural gas (LNG) company. The Company owns and operates natural gas and LNG infrastructure and an integrated fleet of ships and other logistics assets to deliver energy solutions to customers worldwide.

The complaints filed in this action allege that, throughout the Class Period, Defendants made false and misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) New Fortress' Fast LNG projects failed to meet the Company's publicly stated progress, specifically that its FLNG 1 would be in service by March 2024;  (2) even following the announcement that these delays were costing the Company upwards of $150 million per quarter, Defendants were still touting the speed at which New Fortress was building facilities; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On August 9, 2024, New Fortress released its second quarter 2024 financial results, revealing adjusted EBITDA well below the Company's prior expectations. Further, the Company lowered its guidance for the remainder of 2024, attributing disappointing results to delays in placing its FLNG 1 project into service, which cost $150 million per quarter in lost operating margin.

---

[1] This section is adapted from the complaints in the above-captioned actions.

On this news, New Fortress' stock price fell $4.02, or 23.6%, to close at $13.00 per share on August 9, 2024, thereby injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Costro and other class members have suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On September 17, 2024, Plaintiff Mikolaj Bojdol commenced a securities class action against New Fortress and certain executives captioned *Bojdol v. New Fortress Energy Inc. et al*, Case No. 1:24-cv-07032-JGK (the "*Bojdol* Action"). It was brought pursuant to the Exchange Act on behalf purchasers of New Fortress securities between February 29, 2024 and August 8, 2024, inclusive.

On November 1, 2024, Plaintiff Taylor Anderson filed a related lawsuit captioned *Anderson v. New Fortress Energy Inc., et al*, Case No. 1:24-cv-08356-JGK (the "*Anderson* Action," and with the *Bojdol* Action, the "Related Actions"). It is also brought pursuant to the Exchange Act on behalf purchasers of New Fortress securities between December 12, 2022 and August 8, 2024, inclusive.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present similar legal issues. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on the same allegedly

3

wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.   Costro Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Costro satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Costro has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Costro is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Costro respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Costro Filed a Timely Motion

Costro has made a timely motion in response to a PSLRA early notice. On September 17, 2024, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Costro had sixty days (*i.e.*, until November 18, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of New Fortress securities during the Class Period, Costro is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Costro attests that it has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Costro satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Costro Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Costro believes that

5

he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Costro purchased New Fortress securities during the Class Period, and as a result, suffered financial harm of approximately $188,995.74. *See* Linkh Decl., Ex. C. To the best of his knowledge, Costro is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Costro believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Costro Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102

(S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Costro's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Costro's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Costro alleges that Defendants' material misstatements and omissions concerning New Fortress's business, operations, and financial prospects violated the federal securities laws. Costro, like all members of the class, purchased New Fortress securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Costro's interests and claims are "typical" of the interests and claims of the class.

### b)      Costro Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Costro has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Costro resides in Indian Harbour Beach, Florida, and has been managing his own investments for approximately 10 years. Costro is retired and has a BSEE degree from the University of South Alabama. Costro

is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Costro is adequate to represent the class and should be appointed as lead plaintiff.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Costro has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, Joseph Costro requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Costro as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 18, 2024          **GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

8

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Joseph Costro and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

9

## CERTIFICATE OF COMPLIANCE

Pursuant to rule II. D. of the Individual Rules of Practice of Judge John G. Koeltl, counsel for Joseph Costro certifies that this brief contains 2,382 words, and complies with the Court's formatting rules.

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 18, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 18, 2024, at Brooklyn, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh