**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIKOLAJ BOJDOL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE,<br><br>Defendants | **CASE No.: 1:24-cv-07032-JGK-SDA**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JAMES BULTER TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |
| TAYLOR ANDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE,<br><br>Defendants. | **CASE No.: 1:24-cv-08356-JGK-SDA**<br><br>**<u>CLASS ACTION</u>** |

## TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................2

ARGUMENT.........................................................................................................3

   I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................................3

   II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF .......................................4

      A.    Movant Is Willing to Serve as Class Representative ..................................................5

      B.    Movant Has the Largest Financial Interest in the Action.........................................5

      C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ........................................................................................................6

         1.    Movant's Claims are Typical ................................................................6

         2.    Movant Is Adequate.............................................................................7

      D.    Movant Is Presumptively the Most Adequate Plaintiff............................................7

   III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ................8

CONCLUSION .....................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Deering v. Galena Biopharma, Inc.,*
  2014 WL 4954398 (D. Or. Oct. 3, 2014)................................................................................1

*In re Bally Total Fitness, Sec. Litig.,*
  2005 WL 627960 (N.D. Ill. Mar. 15, 2005)...........................................................................5

*In re Cendant Corp. Litig.,*
  264 F.3d 201 (3d Cir. 2001)...................................................................................................7

*In re Fuwei Films Sec. Litig.,*
  247 F.R.D. 432 (S.D.N.Y. 2008)........................................................................................5, 6

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................................1

*In re Livent, Inc. Noteholders Sec. Litig.,*
  210 F.R.D. 512 (S.D.N.Y. 2002)............................................................................................6

*In re Olsten Corp. Sec. Litig.,*
  3 F.Supp.2d 286 (E.D.N.Y. 1998).........................................................................................5

*In re Oxford Health Plans, Inc. Sec. Litig.,*
  182 F.R.D. 42 (S.D.N.Y. 1998)..............................................................................................6

*Lax v. Merch. Acceptance Corp.,*
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..........................................................................5

*Takara Tr. v. Molex Inc.,*
  229 F.R.D. 577 (N.D. Ill. 2005) .............................................................................................5

**Statutes**

15 U.S.C. §78u-4(a)(3)............................................................................................................passim

**Rules**

Fed. R. Civ. P. 42(a)................................................................................................................1, 3, 4

Fed. R. Civ. P. 23.................................................................................................................4, 5, 6, 7

Plaintiff James Bulter ("Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to and Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42(a):

(a)    that the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or acquired New Fortress Energy Inc. ("New Fortress" or the "Company") securities between December 12, 2022 and August 8, 2024, inclusive (the "Class Period")[1], to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

---

[1] The first-filed action, *Bojdol v. New Fortress Energy Inc., et al*., case no. 1:24-cv-07032-JGK-SDA has a class period of February 29, 2024 through August 8, 2024. The later-filed action, *Anderson v. New Energy Inc., et al.*, case no. 1:24-cv-08356-JGK-SDA, has a class period of December 12, 2022 through August 8, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig*., 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

1

## INTRODUCTION AND BACKGROUND

On September 17, 2024 the first substantially similar case was filed against the Company and certain of its executives in the United States District Court for the Southern District of New York for violations under the Exchange Act captioned as *Mikolaj Bojdol v. New Fortress Energy Inc., et al.* covering a class period from February 29, 2024 to August 8, 2024, case no. 1:24-cv-07032-JGK-SDA. That same day, an early notice pursuant to the PSLRA was published advising class members of, among other things, the allegations and claims in the complaint, the class period, and advising class members of their option to seek appointment as Lead Plaintiff with a deadline to move the Court of November 18, 2024. *See* Ex. 1 hereto. On November 1, 2024 the related action *Anderson v. New Fortress Energy Inc., et al.*, case no. 1:24-cv-08356-JGK-SDA, was filed in the same court, alleging substantially similar claims under the Exchange Act against the same defendants covering an expanded class period from December 12, 2022 to August 8, 2024.

New Fortress Energy Inc. is a Delaware corporation with its principal executive offices located at 111 W. 19th Street, 8th Floor, New York, NY 10011. The Company owns and operates natural gas and LNG infrastructure and an integrated fleet of ships and other logistics assets to deliver energy solutions to customers worldwide. During the Class Period, the Company's common stock traded on the NASDAQ Stock Exchange (the "NASDAQ") under the ticker symbol "NFE." New Fortress is a Liquefied Natural Gas (LNG) company.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made the following materially false and/or misleading statements and failed to disclose material facts on: (1) the Company's inflated projected revenue outlook and anticipated growth; (2) potential for delays in building the Fast LNG ("FLNG") units; (3) increasing costs associated with the FLNG

2

project; (4) as a result, the Company's financial results were overstated; (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then on February 29, 2024, in the pertinent parts, both the press release and the earnings call by Defendants on that day, delays in the FLNG installation process were announced.

On this news, the Company's common stock price fell from a closing market price of $35.15 per share on February 29, 2024, to $34.43 per share on March 1, 2024; and from a closing market price of $34.43 per share on March 1, 2024, to $32.02 per share on March 4, 2024.

Then on August 9, 2024, New Fortress issued a press release announcing disappointing Q2 Fiscal 2024 highlights, which were well below the Company's previous projections. On an earnings call later that day, Defendant Edens acknowledged, in the pertinent part, that the delay for Fast LNG units were the cause for disappointing Q2 Fiscal 2024 highlights.

On this news, the Company's common stock price fell $4.02, or more than 24%, from a closing market price of $17.02 per share on August 8, 2024 to $13.00 per share on August 9, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the

3

court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

4

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $14,263.82 on purchases of New Fortress securities in connection with connection with his transactions in New Fortresses' securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater compensable losses in New

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Fortress securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1.    Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about New Fortress and its business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in New Fortress securities and is therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, Movant works as an accountant at a commercial property firm. Movant lives in England and has been investing for more than 20 years.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and

expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: November 18, 2024             Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Additional Counsel for Plaintiff*

9

## CERTIFICATE OF PAGE LIMIT AND WORD COUNT

The undersigned, counsel of record for James Bulter, certifies that this brief contains 2,702 words, which complies with the word limits of Your Honor's Individual Rule II.D.

Executed on November 18, 2024.

/s/Phillip Kim

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, a true and correct copy of the foregoing document, was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/Phillip Kim

11