**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKOLAJ BOJDOL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE, <br><br> Defendants. | Case No.: 1:24-cv-07032-JGK <br><br> Hon. John G. Koeltl |
| TAYLOR ANDERSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NEW FORTRESS ENERGY INC., WESLEY ROBERT EDENS, CHRISTOPHER S. GUINTA, and ANDREW DETE, <br><br> Defendants. | Case No.: 1:24-cv-08356-JGK <br><br> Hon. John G. Koeltl |

**MEMORANDUM OF LAW IN SUPPORT OF JACK DECICCO'S MOTION
FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ....................................................................................... 1

II.     ARGUMENT.................................................................................................................... 2

        A.    The PSLRA Process............................................................................................. 2

        B.    DeCicco Is the Presumptive Lead Plaintiff.......................................................... 4

              1.    *DeCicco Has the Largest Financial Interest.*............................................. 4

              2.    *DeCicco Meets the Typicality and Adequacy Requirements of Rule 23.*................................................................................................... 5

        C.    No Proof Exists to Rebut the Presumption in Favor of DeCicco's Appointment as Lead Plaintiff. .................................................................................. 6

III.    CONCLUSION................................................................................................................. 7

i

# TABLE OF AUTHORITIES

**Cases**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*,
  258 F.R.D. 260 (S.D.N.Y. 2009) ....................................................................... 5

*In re Facebook, Inc.*,
  288 F.R.D. 26 (S.D.N.Y. Dec. 6, 2012) ............................................................ 6

*Faris v. Longtop Fin. Techs. Ltd.*,
  No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH)
  P96,562 (S.D.N.Y. Oct. 4, 2011) ....................................................................... 5

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ..................................................................... 5, 7

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ....................................................................... 4

*Glavan v. Revolution Lighting Techs., Inc.*,
  No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29, 2019) ............. 1, 4

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*,
  616 F. Supp. 2d 461 (S.D.N.Y. 2009) ............................................................... 3

*Kaplan v. Gelfond*,
  240 F.R.D. 88, 93 (S.D.N.Y. 2007) ................................................................... 1

*In re Turquoise Hill Res. Ltd.*,
  No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840 (S.D.N.Y. Jan. 15, 2021) ..................... 7

*In re Veeco Instruments, Inc.*,
  233 F.R.D. 330 (S.D.N.Y. 2005) ....................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................ 2, 5, 6

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Jack DeCicco's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). DeCicco has the largest financial interest under the four factors "[c]ourts in this Circuit have traditionally examined," which are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period" (the "*Olsten/Lax* factors"). *See Glavan v. Revolution Lighting Techs., Inc.,* No. 19-CV-0908(JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019). Of the four factors, the fourth factor, the "approximate loss suffered," is considered the "most determinative in identifying the plaintiff with the largest financial loss." *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). As demonstrated below, pursuant to the widely-accepted *Olsten/Lax* factors, DeCicco possesses the largest financial interest in three of the four factors, including the most important, approximate loss:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Jack DeCicco | 236,021 | -19,517 | $2,689,436.23 | $3,111,065.11 |
| Ian Luzin | 14,621 | 14,621 | $403,367.26 | $249,841.00 |
| Joseph Costro | 22,980 | 12,715 | $360,619.54 | $188,995.74 |
| James Bulter | 1,000 | 1,000 | $22,791.82 | $14,263.82 |

*See* ECF Nos. 12-3; 13-2; 16-2; and 18-3.

1

In addition to having the "largest financial interest" in the litigation, DeCicco is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). DeCicco acquired New Fortress Energy Inc. ("New Fortress" or the "Company") securities during the Class Period. *See* DeCicco Certification, ECF No. 16-1. Further, DeCicco possesses a Bachelor of Science in Professional Accountancy from The Pennsylvania State University and is also a Certified Public Accountant (CPA), currently licensed in the state of New York. He is currently a real estate investor and developer. DeCicco resides outside Philadelphia, Pennsylvania and has experience overseeing attorneys, as he has hired attorneys for real estate and business matters. *See* DeCicco's Declaration, ECF No. 16-4.

There can be no dispute that DeCicco holds the "largest financial interest" in the Actions and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Since the other competing movants are unable to rebut this presumption with proof that DeCicco is somehow atypical or inadequate, DeCicco is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, DeCicco respectfully requests that the Court grant his motion in its entirety and deny the competing motion.

## II.    ARGUMENT

### A.    The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). This

straightforward leadership selection provides that the "person or group of persons" with the largest loss is the presumptive lead plaintiff and must be appointed lead so long as it is otherwise adequate and typical within the meaning of Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(i) and (iii)(I)(bb)-(cc). Congress created the lead plaintiff presumption because it believed that the movant with the largest loss would be most incentivized to actively prosecute the securities class action and monitor counsel:

> Further, the provisions created a "rebuttable presumption" that the most "adequate plaintiff" is, *inter alia*, the person or group of persons that "has the largest financial interest in the relief sought by the class." "The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a 'real' client, carefully choosing counsel and monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price."[1]

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 464 (S.D.N.Y. 2009).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[1] Unless otherwise noted, citations are omitted, and emphasis is added.

###### B.      DeCicco Is the Presumptive Lead Plaintiff.

###### 1.      *DeCicco Has the Largest Financial Interest.*

When evaluating "financial interest" at the lead plaintiff stage, "[c]ourts in this Circuit have traditionally examined . . . (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and"(4) the approximate loss suffered during the class period." *Glavan*, 2019 U.S. Dist. LEXIS 125960, at *8 (quoting *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 332 (S.D.N.Y. 2005); *see also In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) ("In the absence of explicit guidance, many courts, including courts in this District and in the Eastern District of New York, have adopted a four-factor test first promulgated in *Lax*").

As demonstrated in the following table, DeCicco has the largest financial interest in the litigation:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Jack DeCicco** | 236,021 | -19,517 | $2,689,436.23 | $3,111,065.11 |
| **Ian Luzin** | 14,621 | 14,621 | $403,367.26 | $249,841.00 |
| **Joseph Costro** | 22,980 | 12,715 | $360,619.54 | $188,995.74 |
| **James Bulter** | 1,000 | 1,000 | $22,791.82 | $14,263.82 |

*See* ECF Nos. 12-3; 13-2; 16-2; and 18-3.

DeCicco possesses the largest financial interest of any movant before the Court under three of the *Olsten/Lax* factors, as he suffered the largest loss, acquired the most shares, and expended the most funds out of all the movants. Thus, DeCicco, with his claimed loss of $3,111,065.11, indisputably possesses the largest financial interest in the outcome of the litigation.

**2.**    ***DeCicco Meets the Typicality and Adequacy Requirements of Rule 23.***

In addition to possessing the largest financial interest, DeCicco satisfies the adequacy and typicality requirements of Rule 23. "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a 'preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, Fed. Sec. L. Rep. (CCH) P96,562, at *12 (S.D.N.Y. Oct. 4, 2011) (quoting *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,* 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

"Typicality 'requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. DeCicco's claims are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other class members because he acquired New Fortress securities at prices that were artificially inflated by Defendants' misconduct and suffered losses when the truth was revealed. DeCicco is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, ECF No. 15, p. 9.

In addition to meeting the "typicality" requirements under Rule 23, DeCicco also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, DeCicco must make a preliminary showing that "(1) [his choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [he has] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011). DeCicco is more than qualified to serve as lead plaintiff, as he has a Bachelor of Science in Professional Accountancy from The Pennsylvania

State University and is also a Certified Public Accountant (CPA), currently licensed in the state of New York. *See* DeCicco's Declaration, ECF No. 16-4. DeCicco is currently a real estate investor and developer. *Id*. He founded Ventura Real Estate in 2018. *Id*. Prior to that he was the Chief Financial Officer and Treasurer of CYS Investments, Inc. (NYSE: CYS) from 2016 to 2018, the Chief Financial Officer of Annaly Commercial Real Estate Group, Inc. [formerly CreXus Investment Corp. (NYSE: CXS)] from 2013 to 2016, and the Chief Accounting Officer of Annaly Capital Management, Inc. (NYSE: NYL) from 2015 to 2016. *Id*. Further, he has experience overseeing attorneys, as he has hired attorneys for real estate and business matters. *Id*. Likewise, DeCicco's certification pursuant to the federal securities laws, his declaration detailing his motivation and intention to oversee this litigation, and his selection of experienced and capable counsel in Levi & Korsinsky, LLP demonstrate that DeCicco will adequately represent the interests of the proposed class. Accordingly, DeCicco has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.

As DeCicco has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

C.     **No Proof Exists to Rebut the Presumption in Favor of DeCicco's Appointment as Lead Plaintiff.**

Importantly, because DeCicco has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing DeCicco as Lead Plaintiff can only be rebutted with "proof" that DeCicco is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary

to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *14 (S.D.N.Y. Jan. 15, 2021) (citing *Foley,* 272 F.R.D. at 133 ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. DeCicco has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, DeCicco is both typical and adequate and his Motion should be granted in its entirety.

## III.   CONCLUSION

For the foregoing reasons, DeCicco respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing DeCicco as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: December 6, 2024                                  Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jack DeCicco and*
*[Proposed] Lead Counsel for the Class*

8

## WORD COUNT CERTIFICATION

Pursuant to Rule II(D) of the Individual Practices of the Honorable John G. Koeltl, I hereby certify that this memorandum of law contains 1,967 words, exclusive of the cover page, this certification of compliance, the table of contents, and the table of authorities. I further certify that this brief complies with the formatting rules set forth in Rule II(D).

/s/ Adam M. Apton
Adam M. Apton