UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MIKOLAJ BOJDOL, Individually and on Behalf  :
of All Others Similarly Situated,           :
                                            :
                    Plaintiff,              :    No. 1:24-cv-07032 (JGK)
                                            :
        v.                                  :
                                            :
NEW FORTRESS ENERGY INC., WESLEY            :
ROBERT EDENS, CHRISTOPHER S. GUINTA, :
and ANDREW DETE,                            :
                                            :
                    Defendants.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL

Defendants New Fortress Energy, Inc., Wesley Robert Edens, Christopher S. Guinta, and Andrew Dete (collectively, "Defendants"), respectfully submit the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel in the above-captioned action. Defendants do not oppose consolidation of the actions and take no position on the motions for appointment as lead plaintiff and approval of lead counsel[1] filed by Ian Luzin (ECF No. 7), Joseph Costro (ECF No. 9), Jack DeCicco (ECF No. 14) and James Bulter (ECF No. 17), except as follows.

First, Defendants respectfully submit that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to dismiss. The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and

---

[1]    Defendants do not waive, and expressly preserve, all defenses.

should not predetermine how the Court might resolve such factors should this case reach the class certification stage. *See Villare v. ABIOMED,* Nos. 19 Civ. 7319 (ER), 19 Civ. 9258 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (citation omitted) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage); *see also Yates v. Open Joint Stock Co.*, Nos. 04 Civ. 9742 (NRB), 04 Civ. 9973 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attack on typicality and adequacy were not appropriate until class certification).  Movants all concede that, in determining the lead plaintiff motions (unlike in a full Rule 23 class certification determination), the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met.  (*See* ECF No. 10 at 8-9, ECF No. 11 at 6-7, ECF No. 15 at 8-9, ECF No. 18 at 6.)  *See also Omdahl v. Farfetch*, No. 19 Civ. 8657 (AJN), 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020) (citation and quotations omitted) ("For purposes of appointment as lead plaintiff pursuant to the PSLRA . . . the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements [of Rule 23] have been met.").

Second, Defendants object to the proposed orders submitted by movants Luzin and DeCicco to the extent that each seeks entry of an order that includes a provision purporting to impose document preservation obligations on Defendants.  (*See* ECF No. 8, ¶ 15 and ECF No. 14-1, ¶ 13.)  Such a provision is unnecessary; the obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(B)(3)(C)(i), and applies to all parties in the litigation.  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that all parties preserve relevant documents is "statutorily automatic" and "such an

order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification"); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16 Civ. 03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y. Oct. 4, 2016) (denying lead plaintiff movant's provision for document preservation as duplicative).

Finally, Defendants object to the proposed orders submitted by movants Luzin and DeCicco insofar as they purport to modify the appropriate methods and procedures for effecting service on the parties. (*See* ECF No. 8, ¶ 14; ECF No. 14-1, ¶ 9.) Defendants submit that ECF filings are deemed properly served under S.D.N.Y. Local Rule 5.2(a) and object to the extent movants Luzin and DeCicco seek to modify in any way the methods and procedures governing service of process.

## CONCLUSION

While Defendants take no position on the motions for lead plaintiff, Defendants respectfully request that any request to include document preservation and service of papers provisions in an order appointing lead plaintiff and lead counsel be denied.

3

Dated:  New York, New York
        December 6, 2024

Respectfully submitted,

/s/  Scott D. Musoff

Scott D. Musoff
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Phone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com

Joseph O. Larkin (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Phone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress Energy
  Inc., Wesley Robert Edens, Christopher S.
  Guinta, and Andrew Dete*

**<u>CERTIFICATE OF WORD COUNT</u>**

The undersigned counsel hereby certifies that this memorandum of law contains 706

words and complies with Section II.D of the Individual Practices of Judge John G. Koeltl.

Dated:  New York, New York
        December 6, 2024

                                                /s/ Scott D. Musoff

                                                Scott D. Musoff

5