UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE NEW FORTRESS ENERGY INC.    :   24-cv-07032 (JGK)
SECURITIES LITIGATION          :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, attorneys for Lead Plaintiff Jack DeCicco and additional Named Plaintiff Ian Luzin (together, "Plaintiffs") and Defendants New Fortress Energy Inc. ("NFE" or the "Company"), Wesley Robert Edens and Christopher S. Guinta (collectively, "Defendants" and together with Plaintiffs, the "Parties") met and conferred on March 4, 2026 to discuss case management issues. The Parties jointly submit this written report of their Rule 26(f) conference.

1.        **Summary of Claims, Defenses and Relevant Issues:**

This is a putative securities class action brought by Plaintiffs on behalf of a proposed class of all persons and entities who purchased or otherwise acquired NFE securities between September 20, 2022 and August 8, 2024, both inclusive (the "Putative Class Period"), seeking to recover damages caused by Defendants' alleged violations of the federal securities laws. The major legal and factual issues in the case are set forth in the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") filed on February 19, 2025. ECF No. 34. Plaintiffs allege that Defendants made materially false and misleading statements during the Putative Class Period. These alleged misrepresentations and omissions relate to the timing and construction of NFE's key to operational success and financial growth – a floating liquified natural gas facility meant to operate in the Gulf of Mexico. Defendants deny Plaintiffs' allegations.

On February 19, 2026, the Court denied Defendants' motion to dismiss the Complaint

1

pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995. ECF No. 46. Defendants will file an Answer to the Complaint on or before April 6, 2026.

**2.      Basis of Subject Matter Jurisdiction:**

Plaintiffs' claims arise under and pursuant to Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b), as Defendant NFE is headquartered in this District and a significant portion of its business, actions, and the subsequent alleged damages to Plaintiffs and the class, took place within this District.

**3.      Subjects On Which Discovery May Be Needed:**

In accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure and the proposed case management schedule, the Parties expect to seek discovery on the subjects set forth in the pleadings related to the claims and defenses in this action following the Court's February 19, 2026 order denying Defendants' motion to dismiss. ECF No. 46. Both Parties reserve the right to add, limit or otherwise contest any requested discovery on the bases set forth in the Federal Rules, the Local Rules, or other applicable law.

Plaintiffs expect to seek discovery on the following topics:

- The construction, commissioning, testing, deployment, validation, and operational readiness of NFE's first floating liquefaction unit meant to operate off the coast of

Altamira, Mexico known as the Altamira FLNG Project (also referred to as the FLNG 1 project);

- NFE's Board of Directors presentations and reports relating to the status and timing of the Altamira FLNG Project, project-related costs, and NFE's 2023 and 2024 earnings goals;

- Defendants' alleged motive and opportunity to commit securities fraud;

- Communications by/between NFE and third parties, including but not limited to prospective investors and analysts relating to the status and timing of the Altamira FLNG Project, project-related costs, and NFE's 2023 and 2024 earnings goals;

- Internal reporting and public disclosure controls relating to the status and timing of the Altamira FLNG Project, project-related costs, and NFE's 2023 and 2024 earnings goals; and

- NFE's actual and guided financial earnings and costs concerning, evidencing, reflecting or relating to the Altamira FLNG Project.

Plaintiffs reserve all rights to modify and/or supplement the foregoing list of discovery topics.

Defendants expect to seek discovery on the following topics:

- The subjects that Plaintiffs plan to take discovery on;

- Plaintiffs' transactions in relevant securities and overall investment strategies;

- Plaintiffs' allegations, including but not limited to, the so-called former employees and communications with them; and

- Issues relating to Plaintiffs' anticipated motion for class certification.

Defendants reserve all rights to modify and/or supplement the foregoing list of discovery topics.

3

**4.      Initial Disclosures:**

The information required by Rule 26(a)(1) will be disclosed by the Parties on or before April 2, 2026.

**5.      Formal Discovery:**

Based on counsel for the Parties' experience in litigating matters of similar complexity, the Parties jointly propose to the Court the following discovery plan:

a.      All fact discovery, including the hearing of any discovery motions, must be completed by June 30, 2027.

b.      The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the Parties on consent and without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Section 5(a) above.

i.      Depositions: Depositions shall be completed by June 7, 2027, and limited to no more than 10 depositions per side (not including non-party or expert depositions for class certification or merits-related discovery).

ii.      Interrogatories: Initial sets of interrogatories pursuant to Local Rule 33.3 shall be served on or before April 30, 2026, and responses shall be due within 30 days of service. All subsequent interrogatories permitted by Local Rule 33.3 must be served no later than 30 days before the deadline for fact discovery.

iii.      Requests for Admission: Requests for admission must be served on or before May 24, 2027.

iv.        Requests for Production: Initial requests for production shall be served on or before April 30, 2026, and written responses and objections shall be due within 30 days of service. Substantial production of documents must be completed by January 14, 2027.

v.        Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.       Anticipated Discovery Disputes:**

The Parties do not presently anticipate any discovery disputes. The Parties do not currently propose any changes to the limitations on discovery without waiver of their rights to seek limitations or changes as discovery progresses, except as otherwise stated herein.

**7.       Amendments To Pleadings:**

Plaintiffs may amend the complaint or join additional parties with Defendants' consent or with the Court's leave.

**8.       Expert Witness Disclosures:**

At this time, the Parties do anticipate utilizing experts. Based on counsel for the Parties' experience in litigating matters of similar complexity, the Parties jointly propose to the Court the following expert discovery plan:

a.        All expert discovery, including the hearing of any discovery motions, must be completed by October 29, 2027.

b.        Every party-proponent of a claim or affirmative defense that intends to offer expert testimony in respect of such claim or affirmative defense must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before July 30, 2027.

c.        Every party-opponent of such claim or affirmative defense that intends to offer expert testimony in opposition to such claim or affirmative defense must make the disclosures

required by Fed. R. Civ. P. 26(a)(2) on or before September 30, 2027.

d.       Reply expert reports must be served within 30 days of the submission of the party-opponent expert disclosures.

**9.       Electronic Discovery And Preservation Of Documents And Information:**

The Parties have discussed electronic discovery and anticipate promptly executing a protocol for Electronically Stored Information ("ESI") (the "ESI Protocol"). The ESI Protocol will provide procedures for resolving claims of privilege and inadvertently produced privileged materials. Any proposed Order concerning the collection and production of electronic discovery shall be submitted no later than March 18, 2026.

The Parties have discussed and anticipate stipulating to a joint Protective Order for the protection of confidential information and materials. Any proposed Protective Order shall be submitted no later than March 18, 2026.

**10.       Anticipated Motions:**

Plaintiffs shall move for class certification on or before February 15, 2027. Plaintiffs shall complete production of documents in response to Defendants' requests relevant to Plaintiffs' motion for class certification and make available for deposition any expert who submitted a report in support of such motion no later than 15 days prior to Defendants' deadline to oppose Plaintiffs' class certification motion, Defendants will respond to Plaintiffs' class certification motion on or before April 16, 2027. Plaintiffs shall obtain documents from Defendants, depose any expert(s) related to any expert declarations, reports, and/or analyses included in Defendants' response to Plaintiffs' motion for class certification within 35 days of Defendants' response to Plaintiffs' motion for class certification.  Plaintiffs' reply in support of their class certification motion shall be filed on or before June 7, 2027.

The Parties anticipate that they may file motions for summary judgment as well as motions to exclude experts, if circumstances warrant.

The Parties do not presently anticipate any additional motions but reserve the right to file any motion as they may deem necessary.

The deadline for filing dispositive motions shall be October 15, 2027.

**11.    Early Settlement or Resolution:**

The Parties have not discussed the possibility of settlement. The Parties are open to considering private mediation at the appropriate time.

**12.    Trial:**

a.  The Parties anticipate that this case will be ready for trial by January 18, 2028.

b.  The Parties anticipate that the trial of this case will require 15 days.

c.  The Parties do not consent to a trial before a Magistrate Judge.

d.  Plaintiffs request a jury trial.

**13.    Consent To Proceed Before A United States Magistrate Judge:**

The Parties are advised that they may proceed before a Magistrate Judge. There is no unanimous agreement to proceed before a Magistrate Judge.

[*Signature blocks on following page*]

Respectfully,

Dated: New York, New York
        March 9, 2026


*s/ Adam M. Apton*

Adam M. Apton
Devyn R. Glass (*pro hac vice*
forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall St, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*


Omar Jafri (admitted *pro hac vice*)
**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
Fax: (312) 229-8811
ojafri@pomlaw.com

*Attorneys for Additional Named Plaintiff*
*and Additional Counsel for the Class*


*s/ Scott D. Musoff*

Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com


Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress
   Energy Inc., Wesley Robert Edens, and
   Christopher S. Guinta*


## CERTIFICATION

Pursuant to Section 8.5 of the Electronic Case Filing Rules for the United States District Court for the Southern District of New York, the undersigned certifies the consent of the above individuals signing this document.

Dated: March 9, 2026                              s/ Adam M. Apton
                                                  Adam M. Apton

8

IT IS SO ORDERED.

DATED: _____

_____
HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE