Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 1 of 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE NEW FORTRESS ENERGY INC. SECURITIES LITIGATION | Case No. 1:24-CV-07032-JGK<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Lead Plaintiff Jack DeCicco and additional Named Plaintiff Ian Luzin (together, "Plaintiffs") and Defendants New Fortress Energy Inc., Wesley Robert Edens and Christopher S. Guinta (collectively, "Defendants" and together with Plaintiffs, the "Parties") respectfully submit this Stipulation and [Proposed] Order Re: Discovery of Electronically Stored Information governing the collection and disclosure of electronically stored information during the course of the litigation.

1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. Nothing herein is intended to expand the scope of discovery beyond the defaults contained in the Federal Rules of Civil Procedure or to require parties to produce irrelevant information in order to comply with this Order. The purpose of this Order is to streamline production to promote efficient electronic discovery in this action. The Parties agree to alert all other Parties concerning any technical problems associated with complying with this Protocol. To the extent a Party reasonably believes that compliance with this Protocol imposes an undue burden with respect to

Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 2 of 11

any protocol, source, or search term listed herein, it shall notify the other Parties, and the Parties shall promptly confer in an effort to resolve the issue.

2.    DEFINITIONS

2.1.    "Custodian" means the person who maintains a document in the ordinary course and from whom a document was collected for use in this action.

2.2.    "Document" or "Documents" means any writing however recorded, including handwriting, typewriting, printing, photographing, photocopying, transmitting by electronic mail or facsimile and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combinations thereof, and any record created thereby, regardless of the manner in which the record has been stored, and also specifically includes Electronically Stored Information and Hard-Copy Documents.

2.3.    "Electronically stored information" or "ESI" means any Document or Documents stored or transmitted in electronic form, which has the broadest possible meaning ascribed to in Federal Rule of Civil Procedure 34(a)(1)(A).

2.4.    "Hard-Copy Document" means any Document existing in paper form at the time of collection.

2.5.    "Hash Value" is a unique numerical identifier that can be assigned to a file, a group of files or a portion of a file, based on a standard mathematical algorithm applied to the characteristics of the text contained within the file or files.

2.6.    "Metadata" means data created as a function of the application software used to create the document or file. To the extent they are available and able to be captured at the time of collection, the metadata values that are to be extracted and produced in the metadata load files

Case 1:24-cv-07032-JGK  Document 54  Filed 03/18/26  Page 3 of 11

(.DAT file using concordance standard delimiters) are listed in "Addendum A" attached hereto. The Parties reserve the right to request additional metadata values depending on the source of the data, if the source is not otherwise covered by this Order (*e.g.*, non-traditional sources of ESI).

2.7.    "Native Format" means and refers to the format of ESI in which it was generated and/or as used by the Producing Party in the usual course of its business and in its regularly conducted activities. For example, the Native Format of an Excel workbook is an .xls or .xslx file.

2.8.    "Load Files" means electronic files provided with a production set of Documents and images used to load that production set into a Requesting Party's Document review platform.

2.9.    "Optical Character Recognition" or "OCR" means the process of recognizing, and creating a file containing, visible text within an image.

2.10.    "Searchable Text" means the text extracted or generated using OCR from any Document that allows the Document to be electronically searched.

3.    <u>COOPERATION</u>

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with generally accepted practices concerning the discovery of ESI.

4.    <u>DATA SOURCES & SEARCH</u>

4.1    Custodial Data Sources: Parties shall meet and confer and attempt in good faith to agree upon custodians reasonably tailored to capture relevant non-duplicative documents and ESI.

4.2    Non-Custodial Data Sources: Parties shall meet and confer and discuss non-custodial data sources which are likely to contain discoverable information. Non-Custodial Data Sources may include centrally stored or other files or data maintained in the ordinary course of

Case 1:24-cv-07032-JGK   Document 54   Filed 03/18/26   Page 4 of 11

business by the Parties.

4.3     Consistent with Principle 6 of The Sedona Conference Principles, producing parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information. For those custodians or sources of ESI for which it is determined to employ the use of search terms or other search methodology, the Parties agree to meet and confer in good faith to develop a list of proposed search terms that they believe will lead to the identification of documents responsive to the Receiving Party's document requests.  Documents and categories of documents that are relevant to this action and responsive to a Party's document requests, and that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about a Party's document management, shall be collected without the use of search terms.

5.     PRODUCTION FORMATS

5.1     Aside from ESI described in paragraph 6.2, ESI is to be produced in 300 DPI Group IV Grayscale Tagged Image File Format (.TIFF or .TIF) files. TIFF files shall be produced in single-page format along with image load files (.OPT file and .LFP file). All documents are to be provided with per document searchable text (.TXT) files, and such text files shall contain the full text extraction. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. In the event a document does not contain electronically extractable searchable text or is redacted or scanned into TIFF format, the text file should contain that document's OCR text. These image load files should indicate page breaks, to the extent possible. If particular documents warrant a different format, the Parties will cooperate to arrange for the

mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

5.2     Spreadsheet files, database files or reports, and media files shall be produced in Native Format accompanied by a Bates-stamped placeholder TIFF bearing the legend "This Document has been produced in Native Format."

5.3     During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values listed in Addendum A should be extracted and produced in a load file to the extent available.

5.4     Unless otherwise stated herein, documents in families shall be produced and Bates-stamped in sequence with the Absolute Parent first in sequence, followed by any and all attachments. Absolute Parent shall be defined as the document that is the source for all other documents in a document family, regardless of whether attachments to the Absolute Parent are also parent documents with attachments. The Parties agree that if any part of an email or its attachments is responsive, the entire email and all responsive attachments will be produced, except any material that must be withheld or redacted on the basis of privilege or work-product production.

5.5     The Parties may deduplicate document families found to be MD5 Hash duplicates across or within Custodians. Moreover, (a) de-duplication shall be performed only at the document family level so that attachments are not de-duplicated against identical stand-alone versions of such documents and vice versa, although each family member shall be hashed separately for purposes of populating the MD5 Hash field; (b) attachments to emails, instant messages, or other documents shall not be disassociated from the parent email, instant Messages, or document even if they are exact duplicates of another Document in the production. A party

Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 6 of 11

electing to deduplicate exact duplicates across Custodians shall take reasonable steps to ensure that at least one copy of a responsive exact duplicate that is located in the files of one or more Custodians agreed to by the Parties (or ordered by the Court) is produced.

5.6     Upon review of a Party's production, a Receiving Party may request the production of ESI in native format where the production in native format is reasonably necessary to the ESI's comprehension or use. For ESI produced in Native Format, a Bates-stamped placeholder TIFF bearing the legend "This Document has been produced in Native Format" shall also be produced in the same manner as other TIFFs, if TIFFs were not previously included.

5.7     The embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field. The Parties agree that logos, icons, footers, and other embedded objects need not be extracted as separate documents as long as they are displayed in the parent document.

5.8     Compressed file types (e.g., .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

5.9     To the extent a response to discovery requires production of ESI in a database, including the production of text messages or similar communications, the producing Party will produce the ESI in the form and manner that most closely resembles the production of documents in families as discussed above in ¶5.4.

6.     DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Federal Rule of Evidence 502(b), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery. When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth

Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 7 of 11

in Federal Rule of Civil Procedure 26(b)(5)(B).

7.      MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court

for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

*[Signature blocks on following page]*

Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 8 of 11

Dated: March 18, 2026

LEVI & KORSINSKY, LLP

By:_s/ Adam M. Apton_____
Adam M. Apton
33 Whitehall St, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

-and-

POMERANTZ LLP
Omar Jafri (admitted *pro hac vice*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181
Fax: (312) 229-8811
ojafri@pomlaw.com

*Attorneys for Additional Named Plaintiff and*
*Additional Counsel for the Class*

Dated: March 18, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:_s/ Sarah E. Danehy (with consent)_____
Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com

Joseph O. Larkin (*pro hac vice*)
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Attorneys for Defendants New Fortress Energy Inc.,*
*Wesley Robert Edens and Christopher S. Guinta*

8

Case 1:24-cv-07032-JGK     Document 54     Filed 03/18/26     Page 9 of 11

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____3/18/26_____          _____
                                 HON. JOHN G. KOELTL
                                 UNITED STATES DISTRICT JUDGE

Case 1:24-cv-07032-JGK    Document 54    Filed 03/18/26    Page 10 of 11

**ADDENDUM A**

| Field | Definition | Doc Type |
|---|---|---|
| CUSTODIAN | Name of person from where Documents/files were collected or, in the case of non-human sources, a short description of that source (*e.g.*, "Shared Drive"). | All |
| BEGBATES | Beginning Bates Number (production number) | All |
| ENDBATES | Ending Bates Number (production number) | All |
| BEGATTACH | First Bates number of family range (*i.e.*, Bates number of the first page of the parent Document) | All |
| ENDATTACH | Last Bates number of family range (*i.e.*, Bates number of the last page of the last attachment or, if no attachments, the Document itself) | All |
| IS EMBEDDED | Embedded files | All |
| PAGE COUNT | Number of pages in the Document | All |
| APPLICATION | Commonly associated application for the specified file type. | All |
| NATIVE FILE LINK | The file path for Documents provided in Native Format | All |
| TEXTPATH | File path for OCR or Extracted Text files | All |
| FROM | Sender | E-mail |
| TO | Recipient | E-mail |
| CC | Additional Recipients | E-mail |
| BCC | Blind Additional Recipients | E-mail |
| SUBJECT | Subject line of e-mail | E-mail |
| DATESENT | Date Sent (mm/dd/yyyy hh:mm:ss AM) | E-mail |
| DATERCVD | Date Received (mm/dd/yyyy hh:mm:ss AM) | E-mail |
|  |  |  |
| HASHVALUE | Hash value (*e.g.*, MD5 or SHA-1) | All |
| FILENAME | Original file name at the point of collection | E-Document |
| TITLE | Internal Document property | E-Document |

10

| AUTHOR | Creator of a Document | E-Document |
|---|---|---|
| DATE CREATED | Creation Date (mm/dd/yyyy hh:mm:ss AM) | E-Document |
| DOCUMENT TYPE | Descriptor for the type of Document: e.g. "E-Document" for electronic Documents not attached to e-mails; "E-mail" for all e-mails; "E-attachment" for files that were attachments to e-mails; and "Hard Copy" for Hard-Copy Documents. | All |
| PRODVOL | Name of media that data was produced on. | All |
| TIMEZONE | Time zone of data used during processing of data. | All |