

33 Whitehall St., 27th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

May 27, 2026

**VIA ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *In re New Fortress Energy Inc. Securities Litigation*, No. 1:24-cv-07032 (JGK)**

Dear Judge Koeltl:

On behalf of Plaintiffs Jack DeCicco and Ian Luzin, we respectfully request a premotion discovery conference to discuss two discovery issues: (1) the "Relevant Time Period" that Defendants must use when responding to Plaintiffs' document requests; and (2) whether Plaintiffs' first set of interrogatories comply with Local Rule 33.3.

Background. On March 23, Plaintiffs served their first set of RFPs and Interrogatories on each Defendant. Defendants responded on April 22. In pertinent part, Defendants objected to Plaintiffs' "Relevant Time Period" and largely refused to respond to Plaintiffs' interrogatories. Attached hereto as Exhibits 1 through 6 are Defendants' responses to Plaintiffs' requests showing their objections to Plaintiffs' proposed "Relevant Time Period" and refusal to response to nearly all of Plaintiffs' interrogatories on the basis that they exceeded the scope of Local Rule 33.3.

On May 6, Plaintiffs sent Defendants a letter stating their disagreement with Defendants' responses. On May 14, Plaintiffs and Defendants met-and-conferred but ultimately agreed that a resolution was not possible. Having reached an impasse on these two issues, Plaintiffs respectfully believe that judicial intervention is necessary.

Issue #1: Relevant Time Period. Plaintiffs want Defendants to collect, review, and produce responsive materials dated between March 1, 2022 through March 31, 2025.[1] Defendants argue this is too broad and unduly burdensome; they believe the "Relevant Time Period" should be limited to June 1, 2022 through January 1, 2025. For context, the "Class Period" in this action is September 20, 2022 through August 8, 2024.

Plaintiffs are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). "[C]onstrued broadly[,] [relevance] encompass[es] any matter that bears on, or that

---

[1] Plaintiffs initially demanded a "Relevant Time Period" of January 1, 2022 to June 30, 2025 but narrowed the period in an effort to compromise during the parties' meet-and-confer negotiations.

reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Proportionality focuses on the marginal utility of the discovery sought." *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016).[2]

Plaintiffs' requests, limited to the period of March 1, 2022 through March 31, 2025, are proportionate to the needs of this complex securities class action, which revolves around Defendants' public statements about the construction progress of the off-shore FLNG 1 liquified natural gas refinery. The March 1 start-date is approximately six months prior to the start of the Class Period but also eight months after the FLNG 1 project began. The March 1 start-date also captures documents related to Defendants' annual report for the fiscal year prior to the Class Period and provides Plaintiffs with a baseline read on New Fortress' financials and operations before the alleged fraud commenced. The March 31 end-date provides a similar approximate six-month window after the Class Period ends and likewise captures documents related to Defendants' annual report for the last year of the Class Period. New Fortress subsequently restated the financial statements in this annual report, providing even more reason to include the time period in discovery.

The six-month windows *before* and *after* the Class Period are perfectly reasonable. The underlying facts here are akin to those in *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, 2005 WL 742617 (S.D.N.Y. Mar. 18, 2005). In that case, as here, plaintiffs were asserting 10b-5 claims which require a showing of scienter. *Id.* at *3. The court recognized that "[i]mplicit in this element is the need to show what the defendants knew at the time of the alleged misrepresentations. Therefore, a time-frame for discovering defendants' knowledge of facts at issue must be sufficiently broad to reveal evidence of the facts as well as evidence of where defendants learned those facts." *Id.* at *3 (allowing discovery 3 years and 8 months before *and* after class period). *See also, e.g.*, *Sayce v. Forescout Techs., Inc.*, 2024 WL 169585, at *3 (N.D. Cal. Jan. 16, 2024) (allowing discovery a year before and seven months after class period); *Masillionis v. Silver Wheaton Corp.*, 2017 WL 11631921, at *2 (C.D. Cal. Mar. 7, 2017) (nine months after as such "documents could have recorded things said during the class period"); *Lightsquared Inc. v. Deere & Co.*, 2015 WL 8675377, at *4 (S.D.N.Y. Dec. 10, 2015) (allowing discovery two years after alleged fraud as "such documents may retrospectively analyze facts relevant to claims at issue"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 183 (S.D.N.Y. 2006) (allowing discovery two years before and four years after class period).

Issue #2: Permissible Interrogatories. Plaintiffs served interrogatories with the express goal of identifying custodians and sources of information, as Local Rule 33.3 anticipates. Each interrogatory at issue complies with that rule. *First*, New Fortress Interrogatory Nos. 1, 3-4, 6, 8-10, 12 (Ex. 2); Edens Nos. 2, 5-6 (Ex. 4); and Guinta Nos. 4-5 (Ex. 6), all seek the names of witnesses with knowledge of relevant information. This is what Local Rule 33.3 allows. *See, e.g.*, *Hicks v. Leslie Feely Fine Art, LLC,* 2021 WL 3617208, at *7 (S.D.N.Y. Aug. 13, 2021) (directing defendant to "respond completely" to interrogatory seeking "the names of individuals or entities with knowledge of information relevant to the action" finding it "within the scope of []

---

[2] Defendants here have proffered no evidence to support their contention that the Relevant Time Period is overly broad, burdensome, or oppressive. *See Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 2015 WL 4033019, at *5 (S.D.N.Y. June 26, 2015).

33.3"); *Pagan v. C.I. Lobster Corp.*, 2021 WL 4239200, at *4 (S.D.N.Y. Sept. 17, 2021) (same). Notably, Defendants identified *some* witnesses in response to *two* of Plaintiffs' interrogatories (*see* Exhibit 2 at New Fortress Interrogatory Nos. 2 & 11) and, during the course of the parties' meet-and-confer discussions, stated that the project management system known as "MC Plus" belonged to a third-party and not New Fortress. Consequently, Defendants seemingly can obtain the information being requested if necessary, but appear unwilling to do so uniformly unless compelled by court order.

*Second*, New Fortress Interrogatory No. 5 (Edens and Guinta Interrogatory No. 1) seeks the existence, custodian, and/or location of relevant documents through the identification of system(s) used to communicate about or track the FLNG 1 project's construction. *See* Ex. 2, 4, 6. Again, this is what Local Rule 33.3 allows. *See, e.g.*, *Castillo v. Albert Einstein Coll. of Med. Inc.*, 2025 WL 1789827, at *3 (S.D.N.Y. June 30, 2025) (finding request for the "identification of the systems, applications, or devices used to communicate about or track putative class members' work and schedules" appropriate in action "seek[ing], *inter alia*, overtime compensation, unpaid wages, and wage statements," as it "seeks information relevant and proportional to the needs of the case and apt to helpfully guide future discovery requests.").

*Third*, New Fortress Interrogatory Nos. 7, 13-15; Edens Nos. 3-4; and Guinta Nos. 2-3, are "information of a similar nature" contemplated by Local Rule 33.3 because they seek the underlying description of documents containing the purported concealed adverse information at the heart of Plaintiffs' fraud claims. *See* Ex. 2, 4, 6; *see, e.g.*, *Ohanian et al. v. Apple*, 2022 WL 576314, at *3 (S.D.N.Y. Feb. 25, 2022) (requiring complete responses to interrogatories seeking "the underlying description of documents containing the purported 'false advertising' at the heart of [plaintiff]'s § 350 claim" and "communications with Apple, T-Mobile and others about the security flaw," as "information of a similar nature"); *see also Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022) (rejecting similar objections pursuant to Local Rule 33.3 and holding "where interrogatories ask for relevant documents, the answering [party] shall provide information on the existence, custodian, location, and general description of the documents, but need not produce those documents with its answer to the interrogatories.")

Defendants' refusal to respond to New Fortress Interrogatory Nos. 1, 4-6, 8, 12; Edens Nos. 2, 6; and Guinta No. 5, claiming information "will be produced … if responsive and non-privileged pursuant to Plaintiffs' Requests for Production," is equally improper. It is well established a "responding party must make an effort to answer with the information reasonably available to it [and] ... is not excused from making its disclosure because it has not fully investigated the case." *Trueman v. N.Y. State Canal Corp.,* 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010); *see also Zanowic v. Reno*, 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000). Moreover, "Rule 33(d) does not permit a party to respond … by simply pointing to a mass of documents and advising … the answer … is 'in there somewhere.'" *In re Vivendi Universal, S.A. Sec. Litig.*, 2009 WL 8588405, at *6 (S.D.N.Y. July 10, 2009). Nor is it appropriate where, as here, the interrogatories "require the exercise of particular knowledge and judgment on the part of the responding party." *Luck v. McMahon,* 2021 WL 4248887, at *30 (D. Conn. Sept. 17, 2021).

Respectfully,

_s/ Adam M. Apton_
Adam M. Apton

Encls.

CC:    All counsel of record