UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE NEW FORTRESS ENERGY INC.          :    24-cv-07032 (JGK)
SECURITIES LITIGATION                    :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANT NEW FORTRESS ENERGY INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, New Fortress Energy Inc. ("NFE" or "Defendant"), by and through its undersigned attorneys, hereby objects and responds to Lead Plaintiff Jack DeCicco and additional Named Plaintiff Ian Luzin's ("Plaintiffs") First Set of Requests for Production of Documents (the "Requests") served in the above-captioned action (the "Action") as follows:

### GENERAL OBJECTIONS

Defendant responds to the Requests subject to the General Objections set forth below. These limitations and objections, which form a part of Defendant's response to each Request, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection.

1.      Defendant preserves, and does not waive, any objection as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendant reserves the right to make any and all such objections at trial and any other proceeding relating to this Action.

2.      Defendant objects to the Requests (including the instructions and definitions referenced and contained therein) to the extent that they purport to impose requirements,

obligations, and duties beyond those prescribed by the Federal Rules of Civil Procedure, or any other applicable law, rule or procedure.

3.      Defendant objects to the Requests to the extent that they call for disclosure of information or Documents subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection (whether based upon statute, common law, stipulation, or request).  Defendant will not disclose such information or produce such Documents, and any inadvertent disclosure or production is not a waiver of any privilege or immunity.

4.      Defendant objects to the Requests to the extent that they seek Documents that are publicly available, or are available from a less burdensome or less costly source than Defendant.

5.      Defendant objects to the disclosure of Documents or information falling within any of these General Objections or the Specific Objections set forth below.  In the event any Documents or information falling within one or more of these objections is disclosed or produced, the disclosure or production is inadvertent and shall not constitute a waiver of the objections.

6.      Any response indicating that Documents of a certain type will be produced is not a representation that any such Documents exist or that Defendant has knowledge of the subject matter set forth in the Requests.

7.      Defendant objects to the Requests to the extent that they purport to request the disclosure of information in violation of privacy rights or obligations under any constitutional, statutory, or common law rights of privacy.

8.      Defendant objects to the Requests to the extent they seek the production of materials subject to non-disclosure or confidentiality agreements with third parties or that would violate the privacy rights of others.  Defendant will produce such materials only after providing

2

required notice to third parties and an opportunity for them to object to the production of the materials.

9.      Except where expressly stated, Defendant does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization contained in the Requests, or any definition therein, even where Defendant has not otherwise objected to a particular definition or Request, or has agreed to provide information responsive to a particular Request.  No incidental or implied admissions are intended by these responses.

10.     Defendant's failure to object to the Requests on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time. Defendant reserves the right to assert at a later time all Objections not articulated herein.

11.     The objections and responses herein are based upon Defendant's present knowledge, information and belief.  Defendant reserves the right to revise, correct, amend, supplement or clarify both these General Objections and the Specific Objections and responses below.

## OBJECTIONS TO DEFINITIONS

The following Objections to the Definitions ("Definition Objections") are incorporated into each specific Response and Objection below as if fully repeated therein.

12.     Defendant objects to the definition of the term "Altamira FLNG Project" or "FLNG 1" set forth in Paragraph 2 of the Definitions because it is not stated with reasonable particularity to the extent that it is defined as including "a Fast LNG unit, the individual and collective components thereof, and three jack-up rigs existing off the coast of Altamira, Tamaulipas, Mexico, in the Gulf of Mexico."  For purposes of responding to the Requests,

3

Defendant will construe the term "Altamira FLNG Project" or "FLNG 1" to mean NFE's first floating liquefaction unit located off the coast of Altamira, Mexico.

13.    Defendant objects to the definition of the term "Employee" set forth in Paragraph 10 of the Definitions as vague, overly broad, and not stated with reasonable particularity to the extent that it is defined as including "accountants, agents, representatives . . . independent contractors, advisors and consultants of such entity, Person or Persons."  For purposes of responding to the Requests, Defendant will construe the term "Employee" to mean the definition in Plaintiffs' Requests, excluding "accountants, agents, representatives  . . . independent contractors, advisors and consults of such entity, Person or Persons."

14.    Defendant objects to the definition of the term "Executive Officers" set forth in Paragraph 11 of the Definitions as overly broad, unduly burdensome, and not stated with reasonable particularity to the extent that it is defined as including "any other individuals with senior management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters."  For purposes of responding to the Requests, Defendant will construe the term "Executive Officers" to mean the definition in Plaintiffs' Requests, excluding "any other individuals with senior management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters."

15.    Defendant objects to the definition of the term "Meeting(s)" as overly broad, vague, ambiguous and unduly burdensome insofar as it includes "whether or not such presence was by chance or prearranged . . . and whether or not the meeting was formal or informal or occurred in connection with some other activity."  For purposes of responding to the Requests, Defendant will

construe the term "Meeting(s)" to mean the contemporaneous presence of any natural persons, whether in person, online, or by teleconference or videoconference.

16.    Defendant objects to the definition of the term "New Fortress" or "You" or "Your" set forth in Paragraph 17 as overly broad and unduly burdensome to the extent that it is defined as including "present and former officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other Person acting, or purporting to act, on behalf of any of the foregoing."   In addition, this definition calls for speculation as to whether someone was "purporting to act" on NFE's behalf.  For purposes of responding to the Requests, Defendant will construe the term "New Fortress" or "You" or "Your" to mean New Fortress Energy Inc.

## OBJECTIONS TO INSTRUCTIONS

17.    Defendant objects to the Instruction set forth in Paragraph 1 to the extent that it conflicts with or seeks information beyond that required by the Parties' Stipulation and Order Re: Discovery of Electronically Stored Information ("ESI Protocol") (ECF No. 56) and the Parties' Stipulation and Protective Order ("Protective Order") (ECF No. 55).  For the avoidance of doubt, Defendant will produce documents in accordance with the terms of the ESI Protocol and the Protective Order and will not produce information beyond that required by the ESI Protocol and the Protective Order.

18.    Defendant objects to the Instruction set forth in Paragraph 3 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules and to the extent that it purports to compel Defendant to produce Documents not in its direct possession, custody or control.  Defendant will produce reasonably accessible, responsive and non-privileged Documents in its direct possession, custody or control and as they are kept in the ordinary course of business.

19.    Defendant objects to the Instruction set forth in Paragraph 4 to the extent that it calls for the search and production of documents "which refer or relate to events or facts occurring during the Relevant Period or concern any portion of the Relevant Period whenever transmitted, modified, dated or prepared."  This instruction is unduly burdensome because compliance with this instruction would prevent the use of date-range restrictions in searches of electronically stored information and would impose an unreasonable expense and burden on Defendant.

20.    Defendant objects to the Instructions set forth in Paragraphs 6 and 7 because they purport to impose on Defendant burdens and obligations beyond those required by the FRCP, the Local Rules, the ESI Protocol, and the Protective Order.  Pursuant to Local Civil Rule 26.2(c), Defendant is willing to meet and confer with Plaintiffs regarding the Documents to be logged, if any, and the information to be included in a privilege log and the format and timing of such log, if any.

21.    Defendant objects to the Instruction set forth in Paragraph 9 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP, the Local Rules, and the ESI Protocol.  For the avoidance of doubt, Defendant will produce documents in accordance with the terms of the ESI Protocol and will not produce information beyond that required by the ESI Protocol.

22.    Defendant objects to the Instruction set forth in Paragraph 10 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.  To the extent that Instruction 10 imposes a burden or obligation beyond the FRCP and the Local Rules, the instruction will be disregarded, and Defendant will produce Documents in accordance with the FRCP and the Local Rules.  Defendant further objects to Instruction 10 to

the extent that it purports to require Defendant to produce Documents that are covered by privilege or in contravention of applicable law.

23.    Defendant objects to the Instruction set forth in Paragraph 11 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules.  To the extent that Instruction 11 imposes a burden or obligation beyond the FRCP and the Local Rules, the instruction will be disregarded, and Defendant will produce Documents in accordance with the FRCP and the Local Rules.  Defendant further objects to Instruction 11 to the extent that it purports to require Defendant to produce Documents that are covered by privilege or in contravention of applicable law.

## OBJECTIONS TO THE RELEVANT TIME PERIOD

24.    Defendant objects to the "Relevant Time Period" of "January 1, 2022, through June 30, 2025" as overly broad, unduly burdensome, unlikely to yield responsive information or documents and not proportional to the needs of this Action.  Unless otherwise noted, any Documents Defendant produces in response to the Requests will be from June 1, 2022 (over three months before the start of the Class Period) through and including January 1, 2025 (over three months after the filing of the initial Complaint).  Defendant further objects to the instruction in the Relevant Time Period that calls for search and production of documents which were "preprepared prior to January 1, 2022 or after June 30, 2025" but "necessary for a correct or complete understanding of any document covered by a Request," and "any document that is undated and the date of its preparation cannot be determined."  This instruction is unduly burdensome because compliance with this instruction would prevent the use of date-range restrictions in searches of electronically stored information and would impose an unreasonable expense and burden on Defendant.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

Subject to the General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period, which Defendant hereby incorporates into each specific response below, and without waiver, modification, or limitation thereof, Defendant responds and objects to the Requests as follows:

<u>**Request No. 1:**</u>

All contracts and other binding agreements by, between, or for the benefit of New Fortress for work, services, or goods concerning the Altamira FLNG Project.

<u>**Response to Request No. 1:**</u>

Defendant objects to Request No. 1 as overly broad, unduly burdensome and not relevant to the subject matter in this Action to the extent that it seeks "all contracts and other binding agreements . . . for the benefit of [NFE]." Defendant also objects to the extent the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged contracts, if any, in its possession, custody, or control after a reasonably diligent search for "agreements . . . by and between . . . [NFE] for work, services, or goods concerning the Altamira FLNG Project."

<u>**Request No. 2:**</u>

All Documents and Communications concerning the development, construction, testing, validation, completion, commissioning, deployment, installation or operation of the Altamira FLNG Project or any component thereof, including but not limited to invoices, payment applications, expense reports, status reports, profit and loss statements, work orders, change orders, toolbox talks, construction daily reports, safety logs, field reports, site diaries, payroll reports, tax returns, insurance policies, permits, license applications, and contracts.

**Response to Request No. 2:**

Defendant objects to Request No. 2 as overly broad, unduly burdensome and not relevant to the subject matter in this Action to the extent that it seeks Documents "concerning the development, construction, testing, validation, completion, commissioning, deployment, installation or operation of the Altamira FLNG Project or any component thereof, including . . . invoices, payment applications, expense reports, . . . toolbox talks, . . . safety logs . . . payroll reports, tax returns, [and] insurance policies . . . ." Defendant also objects to Request No. 2 because "any component thereof" is vague and ambiguous. Defendant further objects to the extent the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 3:**

All Documents and Communications concerning the conversion of marine infrastructure into floating liquefaction units.

**Response to Request No. 3:**

Defendant objects to Request No. 3 because "all Documents and Communications concerning the conversion of marine infrastructure into floating liquefaction units" is not limited to a particular topic, therefore making this Request overly broad and unduly burdensome to the extent it seeks information that is not relevant to the subject matter involved in the Action. Defendant further objects to the extent the Request calls for Documents that are neither material

nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 4:**

All Documents and Communications concerning estimates, projections, forecasts, or models concerning or relating to the timeline for development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the Altamira FLNG Project or any component thereof.

**Response to Request No. 4:**

Defendant objects to Request No. 4 to the extent that the phrase "development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness" is undefined, making the Request vague and ambiguous. Defendant also objects because the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 5:**

All Documents and Communications concerning any delay, alteration, postponement, or material change in the timeline for development, construction, completion, deployment,

10

installation, commissioning, testing, validation, or operational readiness of the Altamira FLNG Project or any component thereof.

**Response to Request No. 5:**

Defendant objects to Request No. 5 to the extent that the phrases "material change" and "any component thereof" are undefined, making the Request vague and ambiguous.  Defendant also objects because the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 6:**

All Documents concerning the transport, deployment, or installation of the FLNG 1 unit or any component thereof from the Kiewit Offshore Services shipyard near Corpus Christi, Texas, to its offshore destination near Altamira, Mexico.

**Response to Request No. 6:**

Defendant objects to Request No. 6 to the extent that "any component thereof" is vague and ambiguous.  Defendant also objects because the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

11

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 7:**

Without regard to the Relevant Time Period, all Documents and Communications, sent to or from: (i) Comisión Federal de Electricidad; (ii) SEC; (iii) U.S. Department of Energy; (iv) Kiewit Corporation; (v) Kiewit Offshore Services Ltd.; (vi) Fluor Corporation; (vii) Lloyd's Register Group Limited; (viii) Baker Hughes Company; (ix) Arendal; (x) Chart Industries; (xi) Zentech, Inc.; and (xii) Honeywell Inc., concerning or relating to the Altamira FLNG Project or any component thereof.

**Response to Request No. 7:**

Defendant objects to Request No. 7 as overly broad, unduly burdensome, and not relevant to the subject matter in this Action to the extent that it seeks "all Documents and Communications sent to or from" each of the third parties "concerning or relating to the Altamira FLNG Project or any component thereof." Defendant also objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant further objects to the phrase "[w]ithout regard to the Relevant Time Period" as overly broad and unduly burdensome to the extent it seeks information that is not relevant to the subject matter involved in this Action, and as such, not proportional to the needs of this Action. Based on this objection, Defendant will interpret the time period for this Request as through January 1, 2025. Defendant also objects to this Request to the extent that it seeks Documents that are publicly available, or are available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents concerning the SEC, Kiewit, Fluor Corporation, or Lloyd's, if any, in its possession, custody, or control after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

12

**Request No. 8:**

All Documents and Communications concerning New Fortress' policies, procedures, practices, protocols, guidelines, or criteria relating to or concerning the tracking or monitoring of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the Altamira FLNG Project or any component thereof.

**Response to Request No. 8:**

Defendant objects to Request No. 8 to the extent that the phrases "development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness" and "any component thereof" are undefined, making the Request vague and ambiguous. Defendant also objects to the extent the Request seeks information subject to the attorney-client privilege or work product doctrine. Defendant further objects because the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 9:**

All Documents and Communications concerning any project management or tracking system utilized for the Altamira FLNG Project, including but not limited to Fluor Corporation's mechanical completion system referred to as "MCPlus" and Gantt charts.

**Response to Request No. 9:**

Defendant objects to Request No. 9 because it is not limited to a particular topic, therefore making this Request overly broad and unduly burdensome to the extent it seeks information that

is not relevant to the subject matter involved in this Action. Defendant further objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request seeks documents outside of Defendant's possession, custody, or control and to the extent it seeks Documents that are available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 10:**

All Documents and Communications concerning safety policies, procedures, practices, protocols, guidelines, or criteria relating to or concerning the Altamira FLNG Project.

**Response to Request No. 10:**

Defendant objects to Request No. 10 to the extent it is overly broad, unduly burdensome, and not relevant to the subject matter involved in this Action, and as such, not proportional to the needs of this Action. Defendant further objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request seeks information subject to the attorney-client privilege or work product doctrine.

**Request No. 11:**

All Documents and Communications concerning any safety violations or incidents relating to or concerning the Altamira FLNG Project.

14

**Response to Request No. 11:**

Defendant objects to Request No. 11 to the extent it is overly broad, unduly burdensome, and not relevant to the subject matter involved in this Action, and as such, not proportional to the needs of this Action. Defendant further objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request seeks information subject to the attorney-client privilege or work product doctrine.

**Request No. 12:**

All Documents and Communications concerning New Fortress' policies, procedures, practices, protocols, guidelines, or criteria relating to or concerning the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit or any component thereof.

**Response to Request No. 12:**

Defendant objects to Request No. 12 to the extent that the phrases "development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness" and "any component thereof" are undefined, making the Request vague and ambiguous. Defendant further objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request is duplicative of other Requests. Defendant also objects to the extent the Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

15

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 13:**

All Documents and Communications concerning industry standards for the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of an LNG unit that You considered or relied upon.

**Response to Request No. 13:**

Defendant objects to Request No. 13 to the extent that it is not limited to a particular topic, therefore making this Request overly broad and unduly burdensome to the extent it seeks information that is not relevant to the subject matter involved in this Action. Defendant further objects because the Request calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to Request No. 13 because the phrases "development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness" an "an LNG unit" are vague and ambiguous. Defendant further objects to this Request to the extent it seeks Documents about "industry standards" that are publicly available, or are available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 14:**

All Documents and Communications concerning the source and amount of cash New Fortress used to pay the $3/share dividend discussed on December 13, 2022.

**Response to Request No. 14:**

Defendant objects to Request No. 14 to the extent that "source" and "amount of cash" are undefined, making the Request vague and ambiguous. Defendant further objects because the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 15:**

All Documents and Communications concerning New Fortress' dividend policy(ies).

**Response to Request No. 15:**

Defendant objects to Request No. 15 to the extent that it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant further objects to Request No. 15 to the extent that it seeks information subject to the attorney-client privilege and work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

17

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 16:**

All Documents and Communications concerning the "Proceeds from borrowings of debt" in the amount of $700 million disclosed by New Fortress in its Statement of Cash Flows for the period ended March 31, 2023.

**Response to Request No. 16:**

Defendant objects to Request No. 16 to the extent that it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent this Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 17:**

All Documents and Communications concerning New Fortress' compensation plans for the Individual Defendants, including but not limited to, equity compensation plans and performance based restricted stock units.

**Response to Request No. 17:**

Defendant objects to Request No. 17 to the extent that it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

18

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 18:**

All Documents and Communications concerning the Board of Directors' and Individual Defendants' purchase, sale, ownership, control and/or transaction of New Fortress Securities.

**Response to Request No. 18:**

Defendant objects to Request No. 18 to the extent that it seeks Documents and Communications "concerning the Board of Directors' . . . purchase, sale, ownership, control and/or transaction of [NFE] Securities," which calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to Request No. 18 to the extent it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents, if any, in its possession, custody or control after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action sufficient to show the Individual Defendants' purchase, sale, ownership, control and/or transaction of New Fortress Securities.

**Request No. 19:**

All Documents and Communications concerning financial estimates, projections, forecasts, or models concerning or relating to the Altamira FLNG Project.

**Response to Request No. 19:**

Defendant objects to Request No. 19 to the extent it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense

19

to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent the Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 20:**

All Documents and Communications concerning financial estimates, projections, forecasts, or models concerning or relating to New Fortress' 2023 earnings.

**Response to Request No. 20:**

Defendant objects to Request No. 20 to the extent it is duplicative of other Requests. Defendant also objects to the extent the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 21:**

All Documents and Communications concerning financial estimates, projections, forecasts, or models concerning or relating to New Fortress' 2024 earnings.

20

**Response to Request No. 21:**

Defendant objects to Request No. 21 to the extent it is duplicative of other Requests. Defendant also objects to the extent the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 22:**

All Documents and Communications concerning New Fortress' credit rating.

**Response to Request No. 22:**

Defendant objects to Request No. 22 to the extent that it seeks "[a]ll Documents and Communications concerning [NFE]'s credit rating," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

21

**Request No. 23:**

All Documents and Communications concerning the inclusion of a "going concern" qualification in any filing with the SEC made by or on behalf of New Fortress.

**Response to Request No. 23:**

Defendant objects to Request No. 23 to the extent that it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 24:**

All Board of Directors Meeting minutes and related material concerning the Altamira FLNG Project, including agendas, presentations, slide shows, and reports.

**Response to Request No. 24:**

Defendant objects to Request No. 24 to the extent that it seeks "related material," which is vague and ambiguous. Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 25:**

All Board of Directors Meeting minutes and related material including, but not limited to, agendas, presentations, slide shows, and reports concerning or relating to New Fortress' financial estimates, projections, forecasts, or models.

**Response to Request No. 25:**

Defendant objects to Request No. 25 to the extent that it seeks "all" Board of Directors Meeting minutes "concerning or relating to [NFE]'s financial estimates, projections, forecasts, or models," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant further objects to Request No. 25 because "related material" is vague and ambiguous. Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege or work product doctrine and to the extent this Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 26:**

All Board of Directors Meeting minutes and related material including, but not limited to, agendas, presentations, slide shows, and reports concerning or relating to New Fortress' dividend.

**Response to Request No. 26:**

Defendant objects to Request No. 26 to the extent that it seeks "all" Board of Directors Meeting minutes "concerning or relating to [NFE]'s dividend," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of,

23

or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.  Defendant further objects to Request No. 26 because "related material" is vague and ambiguous.  Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 27:**

All Board of Directors Meeting minutes and related material including, but not limited to, agendas, presentations, slide shows, and reports concerning or relating to New Fortress' 2023 earnings.

**Response to Request No. 27:**

Defendant objects to Request No. 27 to the extent it is duplicative of other Requests and that it seeks "all" Board of Directors Meeting minutes Documents and Communications "relating to [NFE]'s 2023 earnings," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.  Defendant further objects to Request No. 27 because "related material" is vague and ambiguous.  Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 28:**

All Board of Directors Meeting minutes and related material including, but not limited to, agendas, presentations, slide shows, and reports concerning or relating to New Fortress' 2024 earnings.

**Response to Request No. 28:**

Defendant objects to Request No. 28 to the extent that it is duplicative of other Requests and that it seeks "all" Board of Directors Meeting minutes "concerning or relating to [NFE]'s 2024 earnings," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant further objects to Request No. 28 because "related material" is vague and ambiguous. Defendant also objects to this Request to the extent it seeks information subject to the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 29:**

Without regard to the Relevant Time Period, all Documents and Communications sent by or to the Board of Directors concerning any internal or external investigation into the development, construction, testing, validation, completion, commissioning, deployment, installation or operation of the Altamira FLNG Project.

**Response to Request No. 29:**

Defendant objects to Request No. 29 to the extent it seeks information "[w]ithout regard to the Relevant Time Period" as overly broad and unduly burdensome, and not relevant to the subject matter involved in this action, and as such, not proportional to the needs of this Action.  Based on this objection, Defendant will interpret the time period for this Request as through January 1, 2025. Defendant also objects to the extent the Request seeks information subject to the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 30:**

All Documents and Communications sent to or from New Fortress and any securities analysts, stock market analysts, or research analysts concerning the Altamira FLNG Project.

**Response to Request No. 30:**

Defendant objects to Request No. 30 to the extent that it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant.  Defendant also objects to the extent the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

26

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 31:**

All Documents and Communications sent to or from New Fortress and any known or prospective shareholder concerning or relating to the Altamira FLNG Project.

**Response to Request No. 31:**

Defendant objects to Request No. 31 to the extent that "any known or prospective shareholder" is vague and ambiguous. Defendant further objects to Request No. 31 to the extent it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant. Defendant also objects to the extent the Request is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 32:**

All Documents and Communications concerning the price of New Fortress stock on or around: (i) February 27, 2023; (ii) February 29, 2024; (iii) July 23, 2024; and (iv) August 9, 2024.

**Response to Request No. 32:**

Defendant objects to Request No. 32 to the extent that it seeks information subject to the attorney-client privilege or work product doctrine. Defendant further objects to Request No. 32 to

the extent it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 33:**

All Documents and Communications concerning New Fortress' inspection, review, investigation, or oversight of the Altamira FLNG Project, including but not limited to Documents and Communications concerning Defendant Edens' travel to the Altamira FLNG Project, as described in Paragraphs 200-01 in the Complaint.

**Response to Request No. 33:**

Defendant objects to Request No. 33 to the extent that it seeks "all" Documents and Communications "concerning [NFE's] inspection, review, investigation, or oversight of the Altamira FLNG Project," which is vague, overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 34:**

All Documents and Communications concerning the state of completion of the main turbines as of November 2, 2022 and the transportation of the main turbines from the manufacturer to the site for the FLNG Investor Day conference, as described in Paragraph 75 in the Complaint.

**Response to Request No. 34:**

Defendant objects to Request No. 34 to the extent that the phrases "the state of completion," "the main turbines," and "the manufacturer" are undefined, making the Request vague and ambiguous.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 35:**

All Documents and Communications concerning the official warning letter You received from the insurance consortium, as described in Paragraph 92 if the Complaint.

**Response to Request No. 35:**

Defendant objects to the extent that Request No. 35 seeks information subject to the attorney-client privilege or work product doctrine. Defendant also objects to Request No. 35 because "the official warning letter You received from the insurance consortium" is vague and ambiguous.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 36:**

All Documents and Communications concerning the explosion that occurred at the FLNG 1 unit on or around April 26, 2024, as described in Paragraphs 104-05 in the Complaint.

**Response to Request No. 36:**

Defendant objects to Request No. 36 to the extent that it seeks "all Documents and Communications concerning the explosion" because it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the usage of the term "explosion" to characterize the incident at the FLNG 1 unit on or around April 26, 2024.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 37:**

All Documents and Communications concerning "Permit to Work" Meetings, as referred to in Paragraph 107 in the Complaint, including but not limited to, meeting minutes, agendas, presentations, slide shows, reports, and any other related material reviewed, considered and/or relied upon in preparation for and/or during such Meetings.

**Response to Request No. 37:**

Defendant objects to Request No. 37 to the extent that it seeks "all" Documents and Communications concerning "Permit to Work Meetings" including "meeting minutes, agendas, presentations, slide shows, reports, and any other related material reviewed, considered and/or relied upon in preparation for and/or during such Meetings," because it overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of,

or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 38:**

All Documents and Communications related to the "daily call[s]" concerning the progress of the Altamira FLNG Project, as described in Paragraph 198 in the Complaint.

**Response to Request No. 38:**

Defendant objects to Request No. 38 to the extent that it seeks "all" Documents and Communications "related to the 'daily call[s]' concerning the progress of the Altamira FLNG Project," which is vague, ambiguous, overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 39:**

All Documents and Communications concerning the WhatsApp chat group that included Edens, where there were updates from supervisors on-site at the Altamira FLNG Project, as described in Paragraph 199 in the Complaint.

**Response to Request No. 39:**

Defendant objects to Request No. 39 to the extent that it seeks "all" Documents and Communications concerning "WhatsApp chat group that included Edens, where there were updates from the supervisors on-site at the Altamira FLNG Project," which is vague, overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 40:**

All Documents and Communications concerning New Fortress' credit facility referred to in Paragraphs 214-15 in the Complaint.

**Response to Request No. 40:**

Defendant objects to Request No. 40 to the extent that it seeks "all" Documents and Communications "concerning [NFE's] credit facility," which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent this Request is duplicative of other Requests.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 41:**

All Documents and Communications concerning or relating to New Fortress' SEC filings, press releases, conference calls, earnings calls and other public written statements referred to, referenced, and/or relied on in Paragraphs 55, 109, 112, 114, 116-17, 119, 121, 124-25, 128, 130, 132, 134, 137, 139-40, 143, 145-46, 149, 152-53, 155, 157-58, 160, 162, 164-65, 167, 169, 171, 175, 177, 180, 188, 193, 198, 210, 214, and 217-22 in the Complaint, including but not limited to all drafts, revisions, scripts, analyses, discussions, comments and any other related material reviewed, considered and/or relied upon in preparation for or during/in such statements or calls.

**Response to Request No. 41:**

Defendant objects to Request No. 41 to the extent that it seeks information subject to the attorney-client privilege and work product doctrine. Defendant also objects to this Request to the extent it seeks "any other related material reviewed, considered and/or relied upon," which is vague and ambiguous and makes this Request overly broad and unduly burdensome. Defendant further objects to Request No. 41 to the extent that it seeks Documents that are publicly available or available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 42:**

All Documents and Communications concerning weekly Meetings led by Kenneth Withers, as referred to in Paragraphs 74 and 82 in the Complaint, including but not limited to, meeting minutes, agendas, presentations, slide shows, reports, and any other related material reviewed, considered and/or relied upon in preparation for and/or during such Meetings.

**Response to Request No. 42:**

Defendant objects to Request No. 42 to the extent that it seeks "all" Documents and Communications concerning "weekly Meetings led by Kenneth Withers" including "meeting minutes, agendas, presentations, slide shows, reports, and any other related material reviewed, considered and/or relied upon in preparation for and/or during such Meetings" because it is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 43:**

All Documents and Communications concerning the "Priority A" designation of items or tasks concerning or relating to the Altamira FLNG Project, as referred to in Paragraph 99 in the Complaint.

**Response to Request No. 43:**

Defendant objects to Request No. 43 to the extent that it seeks "all" Documents and Communications "concerning the 'Priority A' designation of items or tasks concerning or relating to the Altamira FLNG Project" which is overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

34

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 44:**

All Documents and Communications concerning any regulatory investigation, inquiry or proceeding or any adverse disciplinary action, suspension, or any other adverse action taken against You by any governmental agency, professional society, or self-regulating body relating to the Altamira FLNG Project.

**Response to Request No. 44:**

Defendant objects to Request No. 44 to the extent it seeks information subject to the attorney-client privilege or work product doctrine. Defendant also objects to the extent this Request is duplicative of other Requests and seeks information "concerning any regulatory investigation, inquiry or proceeding or any adverse disciplinary action, suspension, or any other adverse action" as overly broad and unduly burdensome and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant further objections to the phrases "professional society or self-regulating body" to the extent they are undefined, rendering the Request vague and ambiguous.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

35

**Request No. 45:**

Without regard to the Relevant Time Period, all Documents concerning communications with the SEC related to this Action.

**Response to Request No. 45:**

Defendant objects to Request No. 45 because it is not limited to a particular topic, therefore making this Request overly broad and unduly burdensome.  Defendant also objects to this Request as it calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.  Defendant further objects to the phrase "[w]ithout regard to the Relevant Time Period" as overly broad, unduly burdensome, and not relevant to the subject matter in this Action.  Based on this objection, Defendant will interpret the time period for this Request as through January 1, 2025.  Defendant further objects to this Request to the extent that it seeks Documents that are publicly available, or are available from a less burdensome or less costly source than Defendant.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 46:**

All Documents and Communications concerning any regulatory permitting, authorization or other action relating to or concerning the development, construction, commissioning, or operation of the Altamira FLNG Project.

**Response to Request No. 46:**

Defendant objects to Request No. 46 as overly broad, unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs'

claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

**Request No. 47:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning Plaintiffs' claims at issue in this Action.

**Response to Request No. 47:**

Defendant objects to the phrase "[w]ithout regard to the Relevant Time Period" as overly broad, unduly burdensome, and not relevant to the subject matter in this Action. Based on this objection, Defendant will interpret the time period for this Request as through January 1, 2025.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 48:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning any counterclaims or defenses You have asserted or intend to assert in this Action.

**Response to Request No. 48:**

Defendant objects to Request No. 48 to the extent that it seeks documents subject to the attorney-client privilege or work product doctrine. Defendant further objects to Request No. 48 as premature.

Subject to the foregoing objections and General Objections, Defendant states that it is not aware of documents responsive to this Request exist at this time. Defendant reserves the right to supplement and/or amend its Response to this Request.

37

**Request No. 49:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications You reviewed, consulted, or identified in preparing Your initial disclosures.

**Response to Request No. 49:**

Defendant objects to Request No. 49 to the extent that it seeks information subject to the attorney-client privilege or work product doctrine.

**Request No. 50:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning Your responses to any interrogatory propounded to You in this action, including all documents You considered, reviewed, or referenced in preparing Your responses to or identified in response to any interrogatory propounded to You in this Action.

**Response to Request No. 50:**

Defendant objects to Request No. 50 to the extent that it seeks the production of Documents protected by the attorney-client privilege or work product doctrine.

**Request No. 51:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications that You intend to introduce or rely upon in any motion, hearing, deposition, or trial in this Action.

**Response to Request No. 51:**

Defendant objects to Request No. 51 as premature. Defendant has not yet determined the Documents and Communications upon which it intends to rely in any motion, hearing, deposition, or trial in this Action, and reserves the right to rely on any Documents produced by any party during the course of discovery, and/or any documents produced by a third party in response to a subpoena. Defendant reserves the right to supplement and/or amend its Response to this Request.

**Request No. 52:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning Your answer to the Complaint, including all Documents reviewed in preparing Your answer or referenced in Your answer.

**Response to Request No. 52:**

Defendant objects to Request No. 52 to the extent the Documents Plaintiffs seek are

publicly available or protected by the attorney-client privilege or work product doctrine.

**Request No. 53:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning any expert opinion You have or will rely upon in the defense of this Action, including any non-privileged Documents Your expert(s) reviewed, considered and/or relied upon.

**Response to Request No. 53:**

Defendant objects to Request No. 53 as premature.  Defendant further objects to the

extent the Request seeks information protected by the attorney-client privilege or work product

doctrine.

Subject to the foregoing objections and General Objections, Defendant states that no

documents responsive to this Request exist at this time.  Defendant reserves the right to

supplement and/or amend its Response to this Request.

**Request No. 54:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications concerning any opposition to Plaintiffs' motion for class certification that You may file in the Action.

**Response to Request No. 54:**

Defendant objects to Request No. 54 as premature because Plaintiffs have not yet moved

to certify a class.  Defendant further objects to Request No. 54 as requesting information protected

by the attorney-client privilege and work product.

39

Subject to the foregoing objections and General Objections, Defendant states that no documents responsive to this Request exist at this time.  Defendant reserves the right to supplement and/or amend its Response to this Request.

**Request No. 55:**

Without regard to the Relevant Time Period, all Documents and Communications received in response to formal or informal Document requests or subpoenas to any non-parties with respect to this Action.

**Response to Request No. 55:**

Defendant objects to Request No. 55 as premature as it has not made any formal or informal Document and/or Communications requests or served any subpoenas to any non-parties with respect to this Action.

Subject to the foregoing objections and General Objections, Defendant states that no documents responsive to this Request exist at this time.  Defendant reserves the right to supplement and/or amend its Response to this Request.

**Request No. 56:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications You considered, received, or referenced in drafting responses to or identified in Your response to any requests for admissions that may be propounded to You in this Action.

**Response to Request No. 56:**

Defendant objects to Request No. 56 as premature as no requests for admissions have been propounded to it in this Action.  Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant states that no documents responsive to this Request exist at this time.  Defendant reserves the right to supplement and/or amend its Response to this Request.

**Request No. 57:**

Without regard to the Relevant Time Period, all non-privileged Documents and Communications You considered, received, or referenced in preparation for any deposition(s) of New Fortress Employees that may be taken in this Action.

**Response to Request No. 57:**

Defendant objects to Request No. 57 as premature as no depositions of NFE employees have been taken in this Action.  Defendant also objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.

Subject to the foregoing objections and General Objections, Defendant states that no documents responsive to this Request exist at this time.  Defendant reserves the right to supplement and/or amend its Response to this Request.

**Request No. 58:**

All joint defense agreements, common interest agreements, covenants not to sue, or indemnification agreements related to this Action.

**Response to Request No. 58:**

Defendant objects to Request No. 58 to the extent it seeks the production of Documents protected by the attorney-client privilege or work product doctrine.  Defendant also objects to this Request to the extent that it is overly broad and calls for Documents that are neither material, relevant, nor necessary in the prosecution of, or defense to, Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant states that NFE entered into indemnification agreements with Edens and Guinta, which can be found as exhibits 10.5 and 10.6 to NFE's FY 2024 Form 10-K.  Defendant is not aware of any other documents responsive to this Request that exist at this time.

41

**Request No. 59:**

All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the Action or to indemnify or reimburse any defendant in this Action for payments made to satisfy a possible judgment.

**Response to Request No. 59:**

Defendant will produce insurance agreements where an insurance business may be liable to satisfy all or part of a possible judgment in the Action or to indemnify or reimburse any defendant in this Action for payments made to satisfy a possible judgment.

**Request No. 60:**

All Documents concerning Your destruction/retention practices or policies, including any such practices or policies with respect to electronically stored Documents, files, text messages or other instant messages, and e-mail.

**Response to Request No. 60:**

Defendant objects to Request No. 60 to the extent that it seeks information subject to the attorney-client privilege or work product doctrine.

**Request No. 61:**

All Documents concerning the organizational structure of New Fortress.

**Response to Request No. 61:**

Defendant objects to Request No. 61 to the extent that it is vague, overly broad, and unduly burdensome, and calls for Documents that are neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its

possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 62:**

All Documents concerning the organizational structure for operations concerning the Altamira FLNG Project.

**Response to Request No. 62:**

Defendant objects to Request No. 62 to the extent that it is vague, overly broad, and unduly burdensome, and calls for Documents that are neither material nor necessary in the production of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

**Request No. 63:**

Your internal policies concerning New Fortress Employees' use of communications media, devices, and applications for work purposes, including but not limited to polices concerning the use of personal tablets, cellular phones, and other devices.

**Response to Request No. 63:**

Defendant objects to Request No. 63 to the extent that it is vague, overly broad, and unduly burdensome, and calls for Documents that are neither material nor necessary in the production of, or defense to, Plaintiffs' claims, or that are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

**Request No. 64:**

All Documents and Communications concerning New Fortress' internal policy, processes and procedures for drafting, revising, and disseminating public statements to investors, including but not limited to press releases, investor statements, earning calls and periodic reports.

**Response to Request No. 64:**

Defendant objects to Request No. 64 to the extent that it seeks documents subject to the attorney-client privilege or work product doctrine.  Defendant additionally objects to this Request to the extent it would be unduly burdensome and encompass a wide range of Documents, most of which have no relevance to the claims and defenses at issue in this action, or are not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims, including, but not limited to, Documents concerning NFE's public statements to investors that are not the subject of this action.  Defendant further objects to this Request to the extent that the Documents Plaintiffs seek are publicly available.

Subject to the foregoing objections and General Objections, Defendant will produce responsive, non-privileged documents sufficient to show the requested information in its possession, custody, or control, if any, after a reasonably diligent search subject to the parties' agreement regarding custodians and search terms relevant to this Action.

Dated: New York, New York
April 22, 2026

/s/ Scott D. Musoff
Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:     (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com

Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress Energy Inc., Wesley Robert Edens, and Christopher S. Guinta*

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of April 2026, I caused the foregoing Defendant's

Responses & Objections to Plaintiffs' First Set of Requests for Production to be served via

electronic mail upon the respective counsel for Plaintiffs.

/s/ Scott D. Musoff
Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com

Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New
Fortress Energy Inc., Wesley
Robert Edens, and Christopher S.
Guinta*