UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE NEW FORTRESS ENERGY INC.          :     24-cv-07032 (JGK)
SECURITIES LITIGATION                    :
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT NEW FORTRESS ENERGY INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules 26.3 and 33.3, New Fortress Energy Inc. ("NFE" or "Defendant"), by and through its undersigned attorneys, hereby objects and responds to Lead Plaintiff Jack DeCicco and additional Named Plaintiff Ian Luzin's ("Plaintiffs") First Set of Interrogatories (the "Interrogatories") served in the above-captioned action (the "Action") as follows:

## GENERAL OBJECTIONS

Defendant responds to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of Defendant's response to each Interrogatory, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection.

1.      Defendant objects to the Interrogatories as improper under Local Civil Rule 33.3 of the Southern District of New York, which states that "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical

evidence, or information of a similar nature." Because discovery has just commenced, it is premature for Defendant to respond to these Interrogatories at this time. Defendant is willing to meet and confer with Plaintiffs to discuss responses to these Interrogatories at a more appropriate time and thus reserves the right to supplement and/or amend its Responses and Objections to these Interrogatories.

2. Defendant preserves, and does not waive, any objection as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendant reserves the right to make any and all such objections at trial and any other proceeding relating to this Action.

3. Defendant objects to the Interrogatories (including the instructions and definitions referenced and contained therein) to the extent that they purport to impose requirements, obligations and duties beyond those prescribed by the Federal Rules of Civil Procedure, Local Rules or any other applicable law, rule or procedure.

4. Defendant objects to the Interrogatories as premature and unduly burdensome at this early stage of the proceedings. While Plaintiffs served document requests on Defendant, to which Defendant served written objections and responses on April 22, 2026, there have been no agreements reached as to custodians or search terms and document production in this Action has not yet begun. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs are directed to Defendant's anticipated document production that will be made subject to Defendant's objections and responses, and the application of certain parameters (including, but not limited to, the types and sources of documents that will be produced, the application of a date range and search terms, and the deduplication of documents) for documents that will likely provide answers to the Interrogatories.

Docusign Envelope ID: 4B1C6E9A-E40C-4F61-B859-29336FC31419

5.      Defendant objects to the Interrogatories to the extent that they call for disclosure of information or Documents subject to the attorney-client privilege or work product doctrine. Defendant will not disclose such information or produce such Documents, and inadvertent disclosure or production is not a waiver of any privilege or immunity.

6.      Defendant objects to the disclosure of Documents or information falling within any of these General Objections or the Specific Objections set forth below.  In the event any Documents or information falling within one or more of these objections is disclosed or produced, the disclosure or production is inadvertent and shall not constitute a waiver of the objections.

7.      Defendant objects to the Interrogatories to the extent they seek the production of materials subject to non-disclosure or confidentiality agreements with third parties or that would violate the privacy rights of others.  Defendant will produce such information or materials only after providing required notice to third parties and an opportunity for them to object to the production of the materials.

8.      Except where expressly stated, Defendant does not admit, adopt or acquiesce to any factual or legal contention, assertion or characterization contained in the Interrogatories, or any definition therein, even where Defendant has not otherwise objected to a particular definition or Interrogatory, or has agreed to provide information responsive to a particular Interrogatory.  No incidental or implied admissions are intended by these responses.

9.      The objections and responses herein are based on Defendant's present knowledge, information and belief.  Defendant reserves the right to revise, correct, amend, supplement or clarify both these General Objections and the Specific Objections and responses below.

**OBJECTIONS TO DEFINITIONS**

10.    Defendant objects to the definition of the term "Altamira FLNG Project" or "FLNG 1" because it is not stated with reasonable particularity to the extent that it is defined as including "a Fast LNG unit, the individual and collective components thereof, and three jack-up rigs existing off the coast of Altamira, Tamaulipas, Mexico, in the Gulf of Mexico." For purposes of responding to the Interrogatories, Defendant will construe the term "Altamira FLNG Project" or "FLNG 1" to mean NFE's first floating liquefaction unit located off the coast of Altamira, Mexico.

11.    Defendant objects to the definition of the term "Employee" set forth in Paragraph 10 of the Definitions vague, overly broad and not stated with reasonable particularity to the extent that it is defined as including "accountants, agents, representatives . . . independent contractors, advisors and consultants of such entity, Person or Persons." For purposes of responding to the Interrogatories, Defendant will construe the term "Employee" to mean the definition in Plaintiffs' Interrogatories, excluding "accountants, agents, representatives  . . . independent contractors, advisors and consults of such entity, Person or Persons."

12.    Defendant objects to the definition of the term "Executive Officers" set forth in Paragraph 11 of the Definitions as overly broad, unduly burdensome and not stated with reasonable particularity to the extent that it is defined as including "any other individuals with senior management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters." For purposes of responding to the Interrogatories, Defendant will construe the term "Executive Officers" to mean the definition in Plaintiffs' Interrogatories, excluding "any other individuals with senior

4

management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters."

13.     Defendant objects to the definition of the term "Meeting(s)" set forth in Paragraph 16 of the Definitions as overly broad, vague, ambiguous and unduly burdensome insofar as it includes "whether or not such presence was by chance or prearranged . . . and whether or not the meeting was formal or informal or occurred in connection with some other activity."  For purposes of responding to the Interrogatories, Defendant will construe the term "Meeting(s)" to mean the contemporaneous presence of any natural persons, whether in person, online or by teleconference or videoconference.

14.     Defendant objects to the definition of the term "New Fortress" or "You" or "Your" set forth in Paragraph 17 as overly broad and unduly burdensome to the extent that it is defined as including "present and former officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other Person acting, or purporting to act, on behalf of any of the foregoing."  In addition, this definition calls for speculation as to whether someone was "purporting to act" on NFE's behalf.  For purposes of responding to the Interrogatories, Defendant will construe the term "New Fortress" or "You" or "Your"  to mean New Fortress Energy Inc.

## OBJECTIONS TO INSTRUCTIONS

15.     Defendant objects to the Instruction set forth in Paragraph 1 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules and to the extent that it purports to compel Defendant to produce information not in its direct possession, custody or control.  Defendant will produce reasonably accessible, responsive and non-privileged information in its direct possession, custody or control and as it is kept in the ordinary course of business.

16.     Defendant objects to the Instructions set forth in Paragraphs 2 and 3 because they purport to impose on Defendant burdens and obligations beyond those required by the FRCP, the Local Rules, the ESI Protocol and the Protective Order.  Pursuant to Local Civil Rule 26.2(c), Defendant is willing to meet and confer with Plaintiffs regarding the Documents to be logged, if any, and the information to be included in a privilege log and the format and timing of such log, if any.

**OBJECTIONS TO THE RELEVANT TIME PERIOD**

17.     Defendant objects to the "Relevant Time Period" of "January 1, 2022, through June 30, 2025" as overly broad, unduly burdensome, unlikely to yield responsive information or documents and not proportional to the needs of this Action.  Unless otherwise noted, any information Defendant produces in response to the Interrogatories will be from June 1, 2022 (over three months before the start of the Class Period), through and including January 1, 2025 (over three months after the filing of the initial Complaint).  Defendant further objects to the instruction in the Relevant Time Period that calls for information "preprepared prior to January 1, 2022 or after June 30, 2025" but "necessary for a correct or complete understanding of any response to an interrogatory" as overly broad and unduly burdensome.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to the General Objections, Objections to Definitions, Objections to Instructions and Objections to the Relevant Time Period, which Defendant hereby incorporates into each specific response below, and without waiver, modification or limitation thereof, Defendant responds and objects to the Interrogatories as follows:

**Interrogatory No. 1:**

Identify all Persons who You engaged directly or indirectly by contract or other binding agreement for work, services, or goods concerning the Altamira FLNG Project.  You do not need

6

to list individual people when responding to this Interrogatory if those people were employed by an entity that otherwise can be identified.

**Response to Interrogatory No. 1:**

Defendant objects to Interrogatory No. 1 to the extent it requires identification of "all Persons who You engaged directly or indirectly," which may be difficult to precisely determine given the Interrogatory's broad subject matter. Defendant additionally objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrines. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request No. 1.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 1. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 2:**

Identify all Persons employed directly by You that had managerial or supervisory responsibilities for overseeing the development, construction, testing, validation, completion, commissioning, deployment, installation or operation of the Altamira FLNG Project.

**Response to Interrogatory No. 2:**

Defendant object to Interrogatory No. 2 because the phrase "managerial or supervisory responsibilities" is undefined, making this Interrogatory vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to the extent it requires identification of "all Persons" "overseeing the development, construction, testing, validation, completion, commissioning, deployment, installation or operation of the Altamira FLNG Project," which may be difficult to precisely determine given the Interrogatory's broad subject matter.

Subject to the foregoing objections and General Objections, Defendant further responds that Wes Edens, Chris Guinta, Barry Clayton, Zak Ahmed, Dan Callens, Alap Shah and Matthew Laverne had managerial responsibilities related to the Altamira FLNG Project. Defendant reserves the right to supplement its response to Interrogatory No. 2.

**Interrogatory No. 3:**

Identify all Persons who authorized the offshore deployment of the Altamira FLNG Project.

**Response to Interrogatory No. 3:**

Defendant objects to Interrogatory No. 3 because the phrase "authorized" is undefined, making this Interrogatory vague, ambiguous, overly broad and unduly burdensome. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

8

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 3. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 4:**

Identify all Persons who acted as Your primary point of contact with the following Persons concerning the Altamira FLNG Project: (i) Comisión Federal de Electricidad; (ii) SEC; (iii) U.S. Department of Energy; (iv) Kiewit Corporation; (v) Kiewit Offshore Services Ltd.; (vi) Fluor Corporation; (vii) Lloyd's Register Group Limited; (viii) Baker Hughes Company; (ix) Arendal; (x) Chart Industries; (xi) Zentech, Inc.; and (xii) Honeywell Inc.

**Response to Interrogatory No. 4:**

Defendant objects to Interrogatory No. 4 because it calls for information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to the extent that "primary point of contact" is undefined, making the Interrogatory vague and ambiguous. Defendant further objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant additionally objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request No. 7.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 4. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 5:**

Identify the applications, programs, systems, and/or databases You used for project management concerning the Altamira FLNG Project (*e.g.*, "MCPlus" or Gantt charts).

**Response to Interrogatory No. 5:**

Defendant objects to Interrogatory No. 5 because the Interrogatory calls for information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request No. 9.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 5. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 6:**

Identify the Persons employed directly by You that were responsible for operating and ensuring the correct use of the applications, programs, systems, and/or databases identified in the immediately preceding interrogatory.

**Response to Interrogatory No. 6:**

Defendant objects to Interrogatory No. 6 because the phrases "operating and ensuring the correct use of" is undefined, making this Interrogatory vague and ambiguous. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request No. 9.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 6. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 7:**

Identify all regular or routine Meetings held or attended by Your Employees concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

**Response to Interrogatory No. 7:**

Defendant objects to Interrogatory No. 7 to the extent it requires identification of "all Meetings" "concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, installation or operational readiness of the FLNG 1 unit," which may be difficult to precisely determine given the Interrogatory's broad subject matter. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 7. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 8:**

Identify any Person that sent You any Document or Communication stating in sum and substance that You or someone acting on Your behalf misrepresented or mischaracterized the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

**Response to Interrogatory No. 8:**

Defendant objects to Interrogatory No. 8 because it calls for a legal conclusion in that it asks to "Identify any Person that sent You any Document or Communication stating in sum and substance that You or someone acting on Your behalf misrepresented or mischaracterized the status of the development, construction, completion, deployment, installation, commissioning,

testing, validation, or operational readiness of the FLNG 1 unit." Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to this Interrogatory to the extent it is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request Nos. 2, 4, 5, 12 and 13.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 8. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 9:**

Identify all Persons who authorized Your $3/share dividend discussed on December 13, 2022.

**Response to Interrogatory No. 9:**

Defendant objects to Interrogatory No. 9 because the phrase "authorize" is undefined, making this Interrogatory vague, ambiguous, overly broad and unduly burdensome. Defendant also objects to Interrogatory No. 9 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrines. Defendant further objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories

13

will be restricted to those seeking names of witnesses with knowledge of information relevant to

the subject matter of the action, the computation of each category of damage alleged, and the

existence, custodian, location, and general description of relevant documents, including pertinent

insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y.

Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to

Interrogatory No. 9.  Defendant reserves the right to supplement and/or amend its Specific

Objections and Response to this Interrogatory.

**Interrogatory No. 10:**

Identify all Defendants, Executive Officers and Board of Directors who received the
$3/share dividend discussed on December 13, 2022.

**Response to Interrogatory No. 10:**

Defendant objects to this Interrogatory on the ground that it exceeds the scope of

permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that,

"at the commencement of discovery, interrogatories will be restricted to those seeking names of

witnesses with knowledge of information relevant to the subject matter of the action, the

computation of each category of damage alleged, and the existence, custodian, location, and

general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).  Defendant also

objects to the extent this Interrogatory requires the identification of "Executive Officers and Board

of Directors who received the $3/share dividend," which is overly broad, unduly burdensome and

not relevant to the subject matter involved in the Action, and, as such, not proportional to the needs

of this Action.  Defendant further objects to the extent the information is publicly available and

therefore available from a less burdensome or less costly source than from Defendant.

14

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 10. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 11:**

Identify all New Fortress Employees who had managerial or supervisory responsibilities for financial estimates, projections, forecasts, or models concerning or relating to the Altamira FLNG Project.

**Response to Interrogatory No. 11:**

Defendant objects to Interrogatory No. 11 because the phrase "managerial or supervisory responsibilities" is undefined, making this Interrogatory vague, ambiguous, overly broad and unduly burdensome. Defendant further objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request Nos. 19, 20, 21 and 25.

Based on the foregoing objections and General Objections, Defendant states that Wes Edens, Chris Guinta, Justan Bristow and Taylor Edelman had managerial responsibilities for financial estimates and projections relating to the Altamira FLNG Project.

**Interrogatory No. 12:**

Identify all New Fortress Employees who had managerial or supervisory responsibilities for determining whether Your SEC filings should include a "going concern" qualification.

**Response to Interrogatory No. 12:**

Defendant objects to Interrogatory No. 12 because the phrase "managerial or supervisory responsibilities" is undefined, making this Interrogatory vague, ambiguous, overly broad and unduly burdensome. Defendant also objects to the extent the Interrogatory calls for information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Defendant further objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request No. 23. Defendant additionally objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 12. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 13:**

Identify any Board of Directors Meeting, including Meetings held by subcommittees or various members of the Board of Directors, that concerned the Altamira FLNG Project.

**Response to Interrogatory No. 13:**

Defendant objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and

16

Docusign Envelope ID: 4B1C659A-E40C-4F61-B859-29336FC21419

general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 13. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 14:**

Identify any Board of Directors Meeting, including Meetings held by subcommittees or various members of the Board of Directors, that concerned New Fortress' dividend.

**Response to Interrogatory No. 14:**

Defendant objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objection and General Objections, Defendant will not respond to Interrogatory No. 14. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 15:**

Without regard to the Relevant Time Period, identify any internal or external investigation that was or is being considered or conducted concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

**Response to Interrogatory No. 15:**

Defendant objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to this Interrogatory to the extent it requests identification of "any internal or external investigation that was or is being considered" as overly broad, unduly burdensome and calling for information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 15. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

**Interrogatory No. 16:**

Identify all Persons who are parties to the "Shareholders' Agreement" dated February 4, 2019.

**Response to Interrogatory No. 16:**

Defendant objects to Interrogatory No. 15 to the extent that the Shareholders' Agreement dated February 4, 2019, is publicly available and thus therefore available from a less burdensome or less costly source than from Defendant.

18

Subject to the foregoing objections and General Objections, Defendant responds that New Fortress Energy LLC and New Fortress Energy Holdings LLC are parties to the Shareholders' Agreement dated February 4, 2019.

**Interrogatory No. 17:**

Identify all "affiliates" of the entities controlled by Wesley R. Edens, Randal A. Nardone, Fortress Investment Group LLC, and Energy Transition Holdings LLC, that held a majority of the voting power of New Fortress' stock.

**Response to Interrogatory No. 17:**

Defendant objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant further objects to this Interrogatory to the extent it calls for information that is neither material nor necessary in the prosecution of, or defense to, Plaintiffs' claims, or that is not reasonably calculated to lead to the discovery of information bearing on Plaintiffs' claims.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 17. Defendant reserves the right to supplement and/or amend its Specific Objections and Response to this Interrogatory.

Dated:  New York, New York
        April 22, 2026

                                         /s/ Scott D. Musoff
                                         Scott D. Musoff
                                         Sarah E. Danehy
                                         Jemma M. Curtin
                                         **SKADDEN, ARPS, SLATE,**
                                             **MEAGHER & FLOM LLP**
                                         One Manhattan West
                                         New York, New York 10001
                                         Telephone: (212) 735-3000
                                         Facsimile: (212) 735-2000
                                         scott.musoff@skadden.com
                                         sarah.danehy@skadden.com
                                         jemma.curtin@skadden.com


                                         Joseph O. Larkin (*pro hac vice*)
                                         **SKADDEN, ARPS, SLATE,**
                                             **MEAGHER & FLOM LLP**
                                         One Rodney Square
                                         920 N. King Street
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 651-3000
                                         Facsimile: (302) 651-3001
                                         joseph.larkin@skadden.com

                                         *Counsel for Defendants New Fortress*
                                         *Energy Inc., Wesley Robert Edens and*
                                         *Christopher S. Guinta*

20

**VERIFICATION**

Matthew Reinhard, being duly sworn, verifies that he is one of the authorized representatives of Defendant, New Fortress Energy Inc. ("NFE"), and that he has read NFE's Responses and Objections to Plaintiffs' First Set of Interrogatories in the above-captioned matter *In re New Fortress Energy Inc. Securities Litigation*, 24-cv-07032 (JGK), pending in the United States District Court for the Southern District of New York, and that while he does not have personal knowledge of all of the facts and matters set forth herein, the information contained in the Responses has been assembled by authorized employees and counsel, and that these Responses are true and correct to the best of his personal knowledge, information and belief.

*Matthew Reinhard*
_____
Matthew Reinhard

Dated: April 22, 2026

Docusign Envelope ID: 4B1C659A-E40C-4F61-B859-29336FC21419

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of April 2026, I caused the foregoing Defendant's

Responses & Objections to Plaintiffs' First Set of Interrogatories to be served via electronic mail

upon the respective counsel for Plaintiffs.

/s/ Scott D. Musoff

Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com


Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress*
*Energy Inc., Wesley Robert Edens and*
*Christopher S. Guinta*