UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE NEW FORTRESS ENERGY INC.          :      24-cv-07032 (JGK)
SECURITIES LITIGATION                            :
                                                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT CHRISTOPHER S. GUINTA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rules 26.3 and 33.3, Christopher S. Guinta, ("Guinta" or "Defendant"), by and through his undersigned attorneys, hereby objects and responds to Lead Plaintiff Jack DeCicco and additional Named Plaintiff Ian Luzin's ("Plaintiffs") First Set of Interrogatories (the "Interrogatories") served in the above-captioned action (the "Action") as follows:

## GENERAL OBJECTIONS

Defendant responds to the Interrogatories subject to the General Objections set forth below. These limitations and objections, which form a part of Defendant's response to each Interrogatory, are set forth here to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection.

1.      Defendant objects to the Interrogatories as improper under Local Civil Rule 33.3 of the Southern District of New York, which states that "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical

evidence, or information of a similar nature." Because discovery has just commenced, it is premature for Defendant to respond to these Interrogatories at this time. Defendant is willing to meet and confer with Plaintiffs to discuss responses to these Interrogatories at a more appropriate time and thus reserves the right to supplement and/or amend his Responses and Objections to these Interrogatories.

2.    Defendant preserves, and does not waive, any objection as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and grounds that require the exclusion of evidence. Defendant reserves the right to make any and all such objections at trial and any other proceeding relating to this Action.

3.    Defendant objects to the Interrogatories (including the instructions and definitions referenced and contained therein) to the extent that they purport to impose requirements, obligations and duties beyond those prescribed by the Federal Rules of Civil Procedure, Local Rules, or any other applicable law, rule or procedure.

4.    Defendant objects to the Interrogatories as premature and unduly burdensome at this early stage of the proceedings. While Plaintiffs served document requests on Defendant, to which Defendant served written objections and responses on April 22, 2026, there have been no agreements reached as to custodians or search terms and document production in this Action has not yet begun. Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs are directed to Defendant's anticipated document production that will be made subject to Defendant's objections and responses, and the application of certain parameters (including, but not limited to, the types and sources of documents that will be produced, the application of a date range and search terms, and the deduplication of documents) for documents that will likely provide answers to the Interrogatories.

5.      Defendant objects to the Interrogatories to the extent that they call for disclosure of information or Documents subject to the attorney-client privilege or work product doctrine. Defendant will not disclose such information or produce such Documents, and inadvertent disclosure or production is not a waiver of any privilege or immunity.

6.      Defendant objects to the disclosure of Documents or information falling within any of these General Objections or the Specific Objections set forth below.  In the event any Documents or information falling within one or more of these objections is disclosed or produced, the disclosure or production is inadvertent and shall not constitute a waiver of the objections.

7.      Defendant objects to the Interrogatories to the extent they seek the production of materials subject to non-disclosure or confidentiality agreements with third parties or that would violate the privacy rights of others.  Defendant will produce such information or materials only after providing required notice to third parties and an opportunity for them to object to the production of the materials.

8.      Except where expressly stated, Defendant does not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization contained in the Interrogatories, or any definition therein, even where Defendant has not otherwise objected to a particular definition or Interrogatory, or have agreed to provide information responsive to a particular Interrogatory. No incidental or implied admissions are intended by these responses.

9.      The objections and responses herein are based upon Defendant's present knowledge, information and belief.  Defendant reserves the right to revise, correct, amend, supplement or clarify both these General Objections and the Specific Objections and responses below.

3

## OBJECTIONS TO DEFINITIONS

10.    Defendant objects to the definition of the term "Altamira FLNG Project" or "FLNG 1" set forth in Paragraph 2 of the Definitions because it is not stated with reasonable particularity to the extent that it is defined as including "a Fast LNG unit, the individual and collective components thereof, and three jack-up rigs existing off the coast of Altamira, Tamaulipas, Mexico, in the Gulf of Mexico." For purposes of responding to the Interrogatories, Defendant will construe the term "Altamira FLNG Project" or "FLNG 1" to mean NFE's first floating liquefaction unit located off the coast of Altamira, Mexico.

11.    Defendant objects to the definition of the term "Employee" set forth in Paragraph 10 of the Definitions as vague, overly broad, and not stated with reasonable particularity to the extent that it is defined as including "accountants, agents, representatives . . . independent contractors, advisors and consultants of such entity, Person or Persons." For purposes of responding to the Interrogatories, Defendant will construe the term "Employee" to mean the definition in Plaintiffs' Interrogatories, excluding "accountants, agents, representatives . . . independent contractors, advisors and consults of such entity, Person or Persons."

12.    Defendant objects to the definition of the term "Executive Officers" set forth in Paragraph 11 of the Definitions as overly broad, unduly burdensome, and not stated with reasonable particularity to the extent that it is defined as including "any other individuals with senior management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters." For purposes of responding to the Interrogatories, Defendant will construe the term "Executive Officers" to mean the definition in Plaintiffs' Interrogatories, excluding "any other individuals with senior

4

management responsibilities or who had decision-making authority over construction, commissioning, regulatory, financial, compliance, or investor-related matters."

13.    Defendant objects to the definition of the term "Meeting(s)" set forth in Paragraph 17 of the Definitions as overly broad, vague, ambiguous and unduly burdensome insofar as it includes "whether or not such presence was by chance or prearranged . . . and whether or not the meeting was formal or informal or occurred in connection with some other activity."  For purposes of responding to the Interrogatories, Defendant will construe the term "Meeting(s)" to mean the contemporaneous presence of any natural persons, whether in person, online, or by teleconference or videoconference.

14.    Defendant objects to the definition of the term "New Fortress" set forth in Paragraph 18 as overly broad and unduly burdensome to the extent that it is defined as including "present and former officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other Person acting, or purporting to act, on behalf of any of the foregoing."  In addition, this definition calls for speculation as to whether someone was "purporting to act" on NFE's behalf.  For purposes of responding to the Interrogatories, Defendant will construe the term "New Fortress" to mean New Fortress Energy Inc.

## OBJECTIONS TO INSTRUCTIONS

15.    Defendant objects to the Instruction set forth in Paragraph 1 to the extent that it purports to impose on Defendant burdens and obligations beyond those required by the FRCP and the Local Rules and to the extent that it purports to compel Defendant to produce information not in his direct possession, custody or control.  Defendant will produce reasonably accessible, responsive and non-privileged information in his direct possession, custody or control and as it is kept in the ordinary course of business.

16.     Defendant objects to the Instructions set forth in Paragraphs 2 and 3 because they purport to impose on Defendant burdens and obligations beyond those required by the FRCP, the Local Rules, the ESI Protocol and the Protective Order.  Pursuant to Local Civil Rule 26.2(c), Defendant is willing to meet and confer with Plaintiffs regarding the Documents to be logged, if any, and the information to be included in a privilege log and the format and timing of such log, if any.

**OBJECTIONS TO THE RELEVANT TIME PERIOD**

17.     Defendant objects to the "Relevant Time Period" of "January 1, 2022, through June 30, 2025" as overly broad, unduly burdensome, unlikely to yield responsive information or documents and not proportional to the needs of this Action.  Unless otherwise noted, any information Defendant produces in response to the Interrogatories will be from June 1, 2022 (over three months before the start of the Class Period) through and including January 1, 2025 (over three months after the filing of the initial Complaint).  Defendant further objects to the instruction in the Relevant Time Period that calls for information "preprepared prior to January 1, 2022 or after June 30, 2025" but "necessary for a correct or complete understanding of any response to an interrogatory" as overly broad and unduly burdensome.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to the General Objections, Objections to Definitions, Objections to Instructions, and Objections to the Relevant Time Period, which Defendant hereby incorporates into each specific response below, and without waiver, modification, or limitation thereof, Defendant responds and objects to the Interrogatories as follows:

**Interrogatory No. 1:**

Identify the applications, programs, systems, and/or databases You used to communicate about the Altamira FLNG Project (e.g., Microsoft Teams).

**Response to Interrogatory No. 1:**

Defendant objects to Interrogatory No. 1 on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 1. Defendant reserves the right to supplement and/or amend his Specific Objections and Response to this Interrogatory.

**Interrogatory No. 2:**

Identify all Meetings held or attended by You concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

**Response to Interrogatory No. 2:**

Defendant objects Interrogatory No. 2 to the extent it requires identification of "all Meetings" "concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, installation or operational readiness of the FLNG 1 unit," which may be difficult to precisely determine given the Interrogatory's broad subject matter. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each

category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 2. Defendant reserves the right to supplement his response to Interrogatory No. 2.

**Interrogatory No. 3:**

Identify all Meetings held or attended by You concerning New Fortress' $3/share dividend.

**Response to Interrogatory No. 3:**

Defendant objects to Interrogatory No. 3 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrines. Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 3. Defendant reserves the right to supplement and/or amend his Specific Objections and Response to this Interrogatory.

**Interrogatory No. 4:**

Identify any Person that sent You any Document or Communication stating in sum and substance that You or someone acting on Your behalf misrepresented or mischaracterized the

status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

**Response to Interrogatory No. 4:**

Defendant objects to Interrogatory No. 4 because it calls for a legal conclusion in that it asks to "Identify any Person that sent You any Document or Communication stating in sum and substance that You or someone acting on Your behalf misrepresented or mischaracterized the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit."  Defendant also objects to this Interrogatory on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that, "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  S.D.N.Y. Local R. 33.3(a).

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 4.  Defendant reserves the right to supplement and/or amend his Specific Objections and Response to this Interrogatory.

**Interrogatory No. 5:**

Identify all Persons with whom You delayed signing service and/or repair contracts for services concerning the FLNG 1 unit.

**Response to Interrogatory No. 5:**

Defendant objects to Interrogatory No. 5 on the ground that it exceeds the scope of permissible topics set forth in Southern District of New York Local Rule 33.3(a), which states that,

"at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Local R. 33.3(a). Defendant also objects to the extent this Interrogatory is premature, as this information will be produced to Plaintiffs if responsive and non-privileged pursuant to Plaintiffs' Requests for Production, including Request Nos. 2, 4, 5 and 47.

Based on the foregoing objections and General Objections, Defendant will not respond to Interrogatory No. 5. Defendant reserves the right to supplement and/or amend his Specific Objections and Response to this Interrogatory.

Dated: New York, New York
      April 22, 2026

                                     */s/* Scott D. Musoff

                                     Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:    (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com

Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress*
*Energy Inc., Wesley Robert Edens, and*
*Christopher S. Guinta*

11

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of April 2026, I caused the foregoing Defendant's Responses & Objections to Plaintiffs' First Set of Interrogatories to be served via electronic mail upon the respective counsel for Plaintiffs.

/s/ Scott D. Musoff
Scott D. Musoff
Sarah E. Danehy
Jemma M. Curtin
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
scott.musoff@skadden.com
sarah.danehy@skadden.com
jemma.curtin@skadden.com


Joseph O. Larkin (*pro hac vice*)
**SKADDEN, ARPS, SLATE,**
  **MEAGHER & FLOM LLP**
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
joseph.larkin@skadden.com

*Counsel for Defendants New Fortress Energy Inc., Wesley Robert Edens, and Christopher S. Guinta*