**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **IN RE NEW FORTRESS ENERGY INC. SECURITIES LITIGATION** | **1:24-cv-07032 (JGK) (SDA)** <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiffs' letter motion to compel Defendants New Fortress Energy Inc. ("NFE"), Wesley Robert Edens ("Edens") and Christopher S. Guinta ("Guinta") (collectively, the "Defendants") to respond to certain interrogatories and to resolve an issue regarding Plaintiffs' proposed "Relevant Time Period." (Pls.' 5/27/26 Ltr. Mot., ECF No. 58.) For the following reasons, Plaintiffs' letter motion is DENIED IN PART, DENIED IN PART AS MOOT and GRANTED to the limited extent that Defendants shall identify the names of witnesses with knowledge of information relevant to the subject matter of the action.

## BACKGROUND

This is a putative securities class action brought by Plaintiffs on behalf of a proposed class of all persons and entities who purchased or otherwise acquired NFE securities between September 20, 2022 and August 8, 2024 seeking to recover damages caused by Defendants' alleged violations of the federal securities laws. (Am. Compl., ECF No. 34, ¶ 1.) Plaintiffs allege that Defendants made misrepresentations about NFE's effort to develop an offshore fast liquified natural gas facility ("FLNG"). (*See id*. ¶¶ 2-7.)

Following the Court's denial of Defendants' motion to dismiss the Amended Complaint (*see* 2/19/26 Order, ECF No. 46), a Case Management Order was entered on March 11, 2026

setting forth a schedule for discovery, including interrogatories and requests for production of documents ("RFPs"). (3/11/26 Case Mgt. Order, ECF No. 52.) On March 23, 2026, Plaintiffs served their first set of Interrogatories and RFPs on each Defendant. (Pls.' 5/27/26 Ltr. Mot. at 1.) Defendants responded on April 22, 2026. (*Id.*; *see also* Exs. 1 to 6 to Pls.' 5/27/26 Ltr. Mot., ECF Nos. 58-1 to 58-6.)

After the parties met and conferred and were unable to resolve their disagreements regarding Defendants' responses to Plaintiffs' interrogatories and RFPs, Plaintiffs filed the letter motion that now is before the Court. (*See* Pls.' 5/27/26 Ltr. Mot.) In their letter motion, Plaintiffs sought to compel responses to NFE Interrogatory Nos. 1, 3-10 and 12-15; Edens Interrogatory Nos. 1-6; and Guinta Interrogatory Nos. 1-5 (*see id*. at 2-3), and sought to resolve a dispute regarding the "Relevant Time Period." (*See id*. at 1-2.) On May 29, 2026, Defendants filed a letter stating that the parties had resolved the issues regarding NFE's Interrogatory Nos. 1, 5 and 9, Edens Interrogatory No. 1, Guinta Interrogatory 1 and the "Relevant Time Period," without need for the Court's intervention. (Defs.' 5/29/26 Ltr., ECF No. 59.)

On June 5, 2026, Defendants filed their letter in opposition to Plaintiffs' motion to compel responses to the remaining interrogatories at issue. (Defs.' 6/5/26 Ltr. Resp., ECF No. 62.) On June 8, 2026, Plaintiffs filed their letter in reply. (Pls.' 6/8/26 Ltr. Reply, ECF No. 63.) In that letter, Plaintiffs stated that the "outstanding interrogatories" were NFE Interrogatory Nos. 1, 3-10, 12-17; Edens Interrogatory Nos. 1-6; and Guinta Interrogatory Nos. 1-5. (*Id*. at 3.) Because certain of the interrogatories that Plaintiffs listed as "outstanding" were among those that Defendants had stated were resolved (*compare* Pls.' 6/8/26 Ltr. Reply at 3 *with* Defs.' 5/29/26 Ltr.), the Court entered an Order on June 9, 2026, directing the parties to file a joint letter setting forth each

2

interrogatory that remained in dispute, along with the text of each such interrogatory. (6/9/26 Order, ECF No. 64.) On June 9, 2026, Plaintiffs filed a letter with the consent of Defendants stating that the interrogatories in dispute are NFE Interrogatory Nos. 3-4, 6-8, 10, 12-15 and 17; Edens Interrogatory Nos. 2-6; and Guinta Interrogatory Nos. 2-5, and attaching as an addendum the text of each of these interrogatories. (Pls.' 6/9/26 Ltr., ECF No. 66.)

## LEGAL STANDARDS

Rule 33 permits a party to serve written interrogatories "relat[ing] to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)." Fed. R. Civ. P. 33(a)(2). Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ, P. 26(b)(1). However, the Local Civil Rules of this Court place limits on the use of interrogatories.

Local Civil Rule 33.3(a) provides as follows:

> Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

S. & E.D.N.Y.R. 33.3(a). Local Civil Rule 33.3 is "consistent with Rule 26(b)(2)(C),[1] which authorizes the court, on its own initiative, to limit the burden and expense of discovery." *Gary*

---

[1] Rule 26(b)(2)(C) provides in relevant part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . .." Fed. R. Civ. P. 26(b)(2C).

*Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-CV-01533 (BSJ) (JCF), 2011 WL 1642381, at *4 (S.D.N.Y. Apr. 26, 2011).

Motions to compel are left to the sound discretion of the court. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018). Moreover, a district court has broad latitude to determine the scope of discovery and to manage the discovery process. *See id*.

### ANALYSIS

Because the parties resolved the issues regarding NFE Interrogatory Nos. 1, 5 and 9, Edens Interrogatory No. 1, Guinta Interrogatory No. 1 and the "Relevant Time Period" (*see* Defs.' 5/29/26 Ltr.), Plaintiffs' letter motion is DENIED AS MOOT insofar as it relates to those issues.

What remains of Plaintiffs' letter motion is Plaintiffs' request to compel Defendants to respond to the remaining interrogatories. Of the remaining interrogatories, certain of them plainly are outside the scope of Local Civil Rule 33.3:

> NFE Interrogatory No. 7: Identify all regular or routine Meetings held or attended by Your Employees concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.
>
> NFE Interrogatory No. 13: Identify any Board of Directors Meeting, including Meetings held by subcommittees or various members of the Board of Directors, that concerned the Altamira FLNG Project.
>
> NFE Interrogatory No. 14: Identify any Board of Directors Meeting, including Meetings held by subcommittees or various members of the Board of Directors, that concerned New Fortress' dividend.
>
> NFE Interrogatory No. 15: Without regard to the Relevant Time Period, identify any internal or external investigation that was or is being considered or conducted concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

4

NFE Interrogatory No. 17: Identify all "affiliates" of the entities controlled by Wesley R. Edens, Randal A. Nardone, Fortress Investment Group LLC, and Energy Transition Holdings LLC, that held a majority of the voting power of New Fortress' stock.

Edens Interrogatory No. 3: Identify all Meetings held or attended by You concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

Edens Interrogatory No. 4: Identify all Meetings held or attended by You concerning New Fortress' $3/share dividend.

Guinta Interrogatory No. 2: Identify all Meetings held or attended by You concerning the status of the development, construction, completion, deployment, installation, commissioning, testing, validation, or operational readiness of the FLNG 1 unit.

Guinta Interrogatory No. 3: Identify all Meetings held or attended by You concerning New Fortress' $3/share dividend.

(Addendum to Pls.' 6/9/26 Ltr. at PDF pp. 2-3.) These interrogatories do not seek the names of witnesses, the computation of damages or information regarding relevant documents, as Local Civil Rule 33.3 permits. Thus, Plaintiffs' motion to compel responses to those interrogatories is DENIED.

The other interrogatories as to which Plaintiffs seek to compel responses (*i.e.*, NFE Interrogatory Nos. 3-4, 6, 8, 10 and 12; Edens Interrogatory Nos. 2, 5 and 6; and Guinta Interrogatory Nos. 4-5) broadly seek the identities of persons who authorized certain actions, performed certain acts, were responsible for certain tasks, were sent certain documents, received a certain dividend, received certain communications and held interests in certain entities. (*See* Addendum to Pls.' 6/9/26 Ltr. at PDF pp. 2-3.) The Court, in its discretion, hereby denies Plaintiffs' request to compel responses to these interrogatories as drafted. Even assuming, *arguendo*, that these interrogatories fall within the scope of Local Civil Rule 33.3, the Court finds

that the information sought by these interrogatories can be obtained from document production and/or depositions and that the use of these other discovery devices will be less burdensome and/or less expensive. *See* Fed. R. Civ. P. 26(b)(2)(C). Thus, Plaintiffs' motion to compel responses to NFE Interrogatory Nos. 3-4, 6, 8, 10 and 12; Edens Interrogatory Nos. 2, 5 and 6; and Guinta Interrogatory Nos. 4-5 is DENIED.

Notwithstanding the foregoing, the Court finds that, pursuant to Local Civil Rule 33.3, Plaintiffs are entitled to know the names of witnesses with relevant knowledge. *See* S. & E.D.N.Y.R. 33.3(a). Accordingly, Defendants shall identify the names of witnesses with knowledge of information relevant to the subject matter of the action.

## CONCLUSION

For the foregoing reasons, Plaintiffs' letter motion (ECF No. 58) is DENIED AS MOOT with respect to NFE Interrogatory Nos. 1, 5 and 9, Edens Interrogatory No. 1, Guinta Interrogatory No. 1 and the "Relevant Time Period;" DENIED with respect to NFE Interrogatory Nos. 3-4, 6-8, 10, 12-15 and 17, Edens Interrogatory Nos. 2-6 and Guinta Interrogatory Nos. 2-5; and GRANTED to the limited extent that Defendants within 14 days of the date of this Order shall identify the names of witnesses with knowledge of information relevant to the subject matter of the action.

**SO ORDERED.**

Dated:     New York, New York
           June 10, 2026

_____
STEWART D. AARON
United States Magistrate Judge

6